WILLIAM A. HERRON, Plaintiff in Error, *v.* THE PEORIA MARINE AND FIRE INSURANCE COMPANY, Defendant in Error.

ERROR TO PEORIA.

| 28 | 235 |
| 149 | 324 |

| 28 | 235 |
| 58a | 164 |

| 28 | 235 |
| 103a | 2540 |

Covenant will lie upon a renewal of a fire insurance policy, which provided that the same might be continued, the premium being paid, and a renewal receipt given for the same.

The original application for insurance need not be set out in a declaration on a policy. The insured is not bound to set out and prove the truth of his representations.

A notice of loss need not be given to the secretary of a company in person, if it is given and received at its office or place of business.

It need not be averred in pleading, that the notary whose certificate formed a part of the preliminary proof of loss, was the nearest notary to the place of the fire, if the certificate is received without objection; if there is a formal defect in the proof, exception should be taken in time for the assured to correct it.

THE statement of the case, in the opinion of Mr. Justice BREESE, will fully elucidate the points in controversy in this case.

The demurrer in this case was sustained, at the March term, 1860, of the Peoria Circuit Court.

MANNING & MERRIMAN, for Plaintiff in Error.

Cited, Angell on Insurance, secs. 51, 52; Wharton, 167.

H. GROVE, for Defendant in Error.

On the first day of September, 1855, the defendant executed to the plaintiff a policy of insurance. The policy was sealed with the corporate seal of the defendant. The policy contained several conditions, of which the thirteenth is in these words:

"13.   Insurance once made may be continued for such

further term as may be agreed on, the premium being paid, and a renewal receipt given for the same; and it shall be considered as continued under the original representation, in-so-far as it may not be varied by a new representation in writing, which, in all cases, it shall be incumbent on the party insured to make when the risk has been changed, either within itself or by the surrounding or adjacent buildings."

On the first day of September, 1856, the plaintiff paid the defendant the sum of $10, and the risk was extended for one year, and the defendant executed to the plaintiff a receipt.

There is no averment that the receipt was under seal.

On the first of September, 1857, the plaintiff paid $13 as premium, and defendant executed a receipt, extending the risk one year.

There is no averment that this receipt was under seal.

On April 11, 1857, an additional insurance of $300 was effected and written in the body of the policy.

These receipts were not under seal. The first question we desire to present is: Will covenant lie? Chitty states the rule to be as follows: "And where a contract under seal has afterwards been varied in the terms of it by a distinct simple contract made upon a sufficient consideration, such substituted or new agreement must be the subject of an action of assumpsit, and not of an action of covenant." 1 Chitty's Pleadings, 105, side paging.

Here were three new and distinct agreements, enlarging and extending the risk and time. *Luciani* v. *The American Fire Insurance Company*, 2 Wharton's Penn. 172.

This is an action on a policy under seal, which shows it was issued upon an application of the plaintiff. The conditions annexed to the policy make this application a warranty. The truth of the warranty is a condition precedent to the plaintiff's right of recovery. The declaration is defective in not setting out the application. Angell on Insurance, 437, sec. 366; Ellis on Fire and Marine Insurance, page 175.

BREESE, J. As we understand the record in this case, the only important question presented, is the sufficiency of the

second count of the declaration as amended, to which a demurrer was sustained in the court below.

The action was covenant on a policy of insurance, bearing date the first day of September, 1855, and sealed with the seal of the Peoria Marine and Fire Insurance Company, the defendant.

Condition thirteen, of the policy, is in these words : " Insurance once made may be continued for such further term as may be agreed on, the premium being paid, and a renewal receipt given for the same ; and it shall be considered as continued under the original representation, in-so-far as it may not be varied by a new representation in writing, which, in all cases, it shall be incumbent on the party insured to make when the risk has been changed, either within itself or by the surrounding or adjacent buildings."

The amended second count, after setting out the conditions attached to the policy, one of which is copied above, alleges that defendants made their certain policy of insurance for the period of one year, subject to certain conditions thereunto attached ; one of which conditions provided that insurance once effected might be continued for such time as might be agreed on, the premium being paid by the insured and a renewal receipt being given therefor ; that in pursuance of such condition, the policy sued on was, by the payment of the premium, and the granting of the renewal receipt, continued in force until the time of the destruction of the insured premises by fire ; that the plaintiff was interested in the premises when burned ; that the fire did not happen in such a way as to bring it within any of the exceptions of the policy, all of which are specifically enumerated ; that plaintiff has complied with each and all of the conditions precedent, which are specifically set forth, and that the defendants have failed to perform their covenants.

The point is, will covenant lie, on the case as presented by this count?

The defendant contends, that as the renewal receipts show new and distinct agreements, enlarging risk and extending the time, and are not under seal, assumpsit, and not covenant, is the proper action.

We do not perceive in the pleadings, any averment of any fact from which it could be inferred there had been an increase of risk, or any change in the terms of the original policy, by any subsequent parol agreement or contract. It attempts, and we think successfully, to avail of condition thirteen, by averring payment of the premium and the execution, by the company, of a renewal receipt for the same, which, by force of the condition, continues the original policy.

It is not like the case of *Luciani* v. *The Am. Fire Ins. Co.*, 2 Wharton, 172. The policy in that case, contained no such provision as this. In that case parol agreements had been indorsed on the original policy, variant from the policy, and the policy contained no covenant that it should be continued by such agreements. It seems to indicate, most clearly, that a new policy was to be executed upon the payment of the current premiums, since there is a stipulation that there shall be no charge for such new policy.

This policy continues itself by its own terms, on the performance of the condition precedent, to wit, the payment of the premiums, and taking a receipt therefor. This is the mode agreed upon by the parties for continuing the policy, and not by executing a new one. We think this is very clear, and the company should not be allowed to repudiate their agreement. They have received the premiums and given the renewal receipts, the effect of which, as they well understood, was to continue the original policy. These receipts are no new contracts, but merely evidence that the condition of the policy has been complied with by the assured.

The objection that the original application for insurance, being a condition precedent, is not set out, we think is not sound. We do not think the assured is bound to set out and prove the truth of his representations. They are subject to attack by the defendant, and if he shows their falsity, if material, the assured cannot recover.

As to the objection that notice was not given to the secretary of the company of the loss, it is sufficient if it was given and received at the office of the company.

As to the last objection, of the want of an averment that

Bailey, whose certificate formed a part of the preliminary proof required by the terms of the policy, was the notary nearest to the place of the fire, it is sufficient to say, that the certificate was received, for aught that appears, by the insurance company, without any objection. As we said in the case of the *Great Western Insurance Co.* v. *Staaden*, 26 Ill. 365, good faith and the principle of fair dealing required that the company, if intending to insist upon this formal defect in the proof, should in a reasonable time have notified the assured, so that the defect might have been remedied. We must hold that this defect was waived by the company.

The judgment is reversed, and the cause remanded, with leave to the defendant to plead to issue.

*Judgment reversed.*