## THE CONTINENTAL LIFE INSURANCE COMPANY

*v.*

### CAROLINE S. ROGERS.

*Filed at Ottawa January 25, 1887.*

1. LIFE INSURANCE—*of the application—whether a warranty or merely a representation—of the relative effect.* As a general rule, where the application for insurance on a person's life is expressly declared to be a part of the policy, and the statements therein are warranted to be true, such statements will be deemed material, whether they are so or not; and if shown to be false, there can be no recovery on the policy, however innocently made, and notwithstanding their falsity may have no agency in causing the loss or producing the death of the insured. But this rule is subject to some qualifications and exceptions.

2. Where the statement in a policy of insurance, that the answers, statements, etc., in the application, "are warranted by the assured to be true in all respects," is followed by the further statement, "that if this policy has been obtained by or through any fraud, misrepresentation or concealment, said policy shall be absolutely null and void," which fraud, etc., relates to the answers to the questions in the application, such of the answers not material to the risk as were honestly made in the belief they were true, will not be binding on the assured, or present any obstacle to a recovery.

3. SAME—*notice and proof of death—waiver as to sufficiency.* Where notice and proof of the death of the assured, in the case of a life policy, have been made out and delivered to the insurer in due time, and they are retained by it without objection, it can not, when sued on the policy, question their sufficiency.

4. So where an insurance company, after the death of the assured has occurred, places its refusal to pay upon some ground not affecting the merits of the case, as, for instance, want of proper notice, all other formal objections not then urged or pointed out will be regarded as waived. If the refusal to pay is placed upon the ground of fraud, breach of warranty, or other grounds affecting the binding force of the insurance contract, the company can not afterward urge a merely formal objection to the right of recovery, and no evidence need be given of the notice and proof of the death of the assured.

5. If some kind of proof of the death of the assured is in apt time delivered to the insurance company, its failure to make any objection to the same will estop it from afterward questioning its sufficiency, no matter how defective it may have been.

6. PLEADING—*of the declaration on a life insurance policy.* In an action upon a life policy of insurance, the plaintiff, by setting out *in hæc*

*verba* the application, which is made a part of the contract of insurance, makes it a part of the declaration, and the legal effect of it is the same as if every fact therein stated had been in the ordinary way expressly averred.

7. PLEADING AND EVIDENCE—*in suit on life insurance policy—as showing a right of recovery—and herein, of matters availing only in defence.* In an action on a life policy of insurance, the plaintiff must aver in the declaration the making of the policy, its terms, the payment of the premium, the death of the assured, and the giving of the notice and making of the proof thereof to the defendant, as required in the policy; and upon proof of such averments, in so far as their proof is not waived or dispensed with, a *prima facie* right of recovery will be established, which the defendant must meet by some affirmative action, to defeat a recovery.

8. Where the answers in an application for insurance are to be treated as merely representations, as distinguished from warranties, any defence founded upon an alleged misrepresentation or fraudulent concealment must be set up as a defence to an action on the policy.

9. In such an action, it is not necessary for the plaintiff to either allege or prove such matters as appear in the application, only. To be availed of, without regard to whether they are warranties or representations, merely, their falsity or breach by the assured must be set up and proved by the defendant as a matter of defence.

10. SAME—*as to conditions precedent—necessity for averment and proof of them—and when they need not be proven.* Where a contract contains promissory conditions, or conditions precedent undertaken by the plaintiff, if they have not been waived or dispensed with by the defendant, the plaintiff, in an action on the contract, is bound, at his peril, to aver and prove their performance, or an offer to perform them.

11. But it is not necessary, in any case, to prove the performance of a condition which has been waived by the party having the right to demand its performance. A condition once waived is forever gone.

12. NOTICE *to produce original papers—how to be shown.* The filing of the declaration upon a policy of life insurance, alleging the giving of notice and proof of the death of the assured, is, of itself, notice to the company to produce the notice and proofs, and, failing to do so, parol evidence of the same may be received.

13. PRACTICE—*directing what the verdict shall be.* It is the settled practice in this State, when no evidence has been offered to prove any material allegation in the declaration which is put in issue, and not admitted for the purposes of the trial, or otherwise waived or dispensed with, for the court, on motion, to exclude the evidence offered on either issue in the case, or direct the jury to find for the defendant.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. SWIFT & CAMPBELL, for the appellant:

It is the well settled practice in this State, that where there is any one essential allegation of a declaration which has no evidence to support it, it is the duty of the court to exclude all the evidence in the case, or to instruct the jury to find for the defendant. *Frazer* v. *Howe,* 106 Ill. 563; *Abend* v. *Railroad Co.* 111 id. 202.

The reference to the application in the policy made the application a part of the policy, and a warranty that the statements in the application were true. *Vose* v. *Health Ins. Co.* 6 Cush. 47; *Daniels* v. *Insurance Co.* 12 id. 416; *Insurance Co.* v. *Cotheal,* 17 Wend. 73; *Ripley* v. *Insurance Co.* 30 N. Y. 136; *Life Ins. Co.* v. *Robinson,* 59 Ill. 123.

The application being thus made a warranty, the truth of the statement therein contained was a condition precedent to the right of plaintiff to recover on the policy, and the burden of proving the truth of the same was on the plaintiff, under the familiar rule that the plaintiff must aver and prove the performance of every condition precedent. *Babbit* v. *Insurance Co.* 66 N. C. 70; *McLoon* v. *Insurance Co.* 100 Mass. 472; *Manufacturing Co.* v. *Insurance Co.* 21 Conn. 19; *Kelsey* v. *Insurance Co.* 35 id. 225; *Wilson* v. *Insurance Co.* 4 R. I. 59; *Ripley* v. *Insurance Co.* 30 N. Y. 163; *Craig* v. *Insurance Co.* 1 Pet. 410.

Messrs. SMITH & BURGETT, for the appellee:

The fact that the local agent had been notified of the death, and furnished blanks for proof of death, and promised to forward such proofs to the home office of the company, and that Barton, who had charge of the settlement of losses, came to Chicago and had interviews with plaintiff's attorney

about the loss, and that he finally refused to pay the policy, without suggesting any defect in the proofs, amounts to a waiver of any defect in formal proof of death. *Edwards* v. *Insurance Co.* 20 Fed. Rep. 661; *Allegre* v. *Insurance Co.* 6 H. & J. (Md.) 408; *O'Neil* v. *Insurance Co.* 3 N. Y. 122; *Insurance Co.* v. *Crandell*, 33 Ala. 9; *Clark* v. *Insurance Co.* 6 Cush. 342; *Bartlett* v. *Insurance Co.* 46 Me. 500; *Insurance Co.* v. *Dowdson,* 67 Ga. 11; *Insurance Co.* v. *Reynolds*, 32 Gratt. 613; *Insurance Co.* v. *Mayer*, 93 Ill. 271; *Insurance Co.* v. *Lewis*, 18 id. 553; *Insurance Co.* v. *Hope*, 58 id. 75; *Insurance Co.* v. *Staaden*, 26 id. 360; *Insurance Co.* v. *Gould*, 80 id. 388; *Insurance Co.* v. *McDowell*, 50 id. 120; *Insurance Co.* v. *Ward*, 90 id. 550.

In an action upon a life insurance policy, the plaintiff is not bound to prove the truth of a warranty, unless it is, by special plea, denied, and put in issue by the defendant; and it is held, by the weight of authorities and with the better reason, that the burden is on the defendant to prove a breach of warranty. *Insurance Co.* v. *Ewing*, 92 U. S. 377; *Insurance Co.* v. *Brown*, 57 Miss. 308; *Redman* v. *Insurance Co.* 49 Wis. 431; *Swick* v. *Insurance Co.* 2 Dill. 160; *Holabird* v. *Insurance Co.* id. 166; *Jones* v. *Insurance Co.* 61 N. Y. 79; *Boisblanc* v. *Insurance Co.* 34 La. Ann. 1167; *Simmons* v. *Insurance Co.* 8 W. Va. 474; *Insurance Co.* v. *McGookey*, 33 Ohio St. 555; *Jacobs* v. *Insurance Co.* 1 McArthur, 632; *Boos* v. *Insurance Co.* 6 T. & C. (N. Y.) 364; *Grattan* v. *Insurance Co.* 15 Hun, 75; *Trenton* v. *Insurance Co.* 4 Zabr. (N. J.) 576; *Murray* v. *Insurance Co.* 85 N. Y. 236; *Secte* v. *Insurance Co.* 7 Eng. L. and Eq. 578; *Insurance Co.* v. *Hogan*, 80 Ill. 35; *Insurance Co.* v. *Graham*, 2 Duv. (Ky.) 506; *Insurance Co.* v. *Robertson*, 59 Ill. 123; *Herron* v. *Insurance Co.* 28 id. 235; *Insurance Co.* v. *Stanton*, 57 id. 354; 2 Greenleaf on Evidence, (14th ed.) 390, note a.

The burden of proof was on the defendant to set up and prove the making of the application and the want of truth

in the statements therein made, this being a suit on a life policy, even though the policy refers to the application, and declares it to be thereby made a part of this policy and a warranty on the part of the assured. *Redman* v. *Insurance Co.* 49 Wis. 431; *Jacobs* v. *Insurance Co.* 1 McArthur, 632; *Insurance Co.* v. *McGookey*, 33 Ohio St. 555; *Insurance Co.* v. *Hogan*, 80 Ill. 35; *Simmons* v. *Insurance Co.* 8 W. Va. 478; *Insurance Co.* v. *Robertson*, 59 Ill. 123; *Herron* v. *Insurance Co.* 28 id. 235.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

The appellee, Caroline S. Rogers, recovered a judgment in the Superior Court of Cook county, against the Continental Life Insurance Company, for $5522.50, on a policy of insurance issued by the company to the plaintiff, upon the life of her husband, Herbert S. Rogers. The policy is in the usual form, and bears date May 23, 1881. On the defendant's appeal, the judgment was affirmed by the Appellate Court for the First District, and the company thereupon appealed to this court.

The declaration is in assumpsit, and contains two counts. The first is a special count, setting out the policy and application *in hæc verba*, followed by the usual averments in such cases. The second is a consolidated common count for money had and received, for interest, and for money due on an account stated. The plea of *non assumpsit*, alone, was filed to the whole declaration.

The plaintiff, being sworn as a witness in her own behalf, testified that she was the wife of Herbert S. Rogers at the time of making the policy; that he died on the 16th of December, 1883, at Minneapolis; that she found the policy, together with the company's receipts showing payments of the premium, among his papers, which were produced in court, and put in evidence. The application, being in the possession of the defendant, was not offered in evidence by

plaintiff, or, indeed, by either party; nor had the defendant been served with any notice to produce it on the trial, other than that which may be implied by law from the bringing of the suit, and setting it out in the declaration. The policy offered in evidence contained the following provisions:

"*Provided, always,* and it is hereby declared to be the true intent and meaning of this policy, and the same is granted by the company, and accepted by the assured, upon the following express conditions and agreements:   *   *   *

"*Second*—That the answers, statements and declarations contained in or indorsed upon the application for this insurance,—which application is hereby referred to and made part and parcel of this contract, as if fully recited herein, and upon the faith of which this agreement is made,—are warranted by the assured to be true in all respects, and that if this policy has been obtained by or through any fraud, misrepresentation or concealment, said policy shall be absolutely null and void.

"*Seventh*—That no claim shall exist under this policy unless due notice and satisfactory proof of death shall be presented, in writing, to the officers of said company, at the home office, in Hartford, Connecticut, within two years after the death of the person whose life is hereby insured."

In addition to this, the application, which is signed by the company as well as the assured, contains the following provision: "And it is hereby covenanted and agreed, that the statements and representations contained in this application and declaration shall be the basis of, and form part of, the contract or policy of insurance between said party or parties signing this application, and the said Continental Life Insurance Company,—which statements and representations are hereby warranted to be true; and any policy which may be issued upon this application by the Continental Life Insurance Company, and accepted by the applicant, shall be so issued and accepted upon the express condition that if any of the

statements or representations in this application are in any respect untrue, or if any violation of any covenant, condition or restriction of the said policy shall occur on the part of the party or parties signing this application, then the said policy shall be null and void, and all money which shall have been paid on account of said policy shall be forfeited to the said company."

The plaintiff, then, for the purpose of showing that notice had been given and proofs made of Rogers' death, put Stewart Marks, the general manager of the company for its north-western department, upon the stand, who testified, in substance, that certain blanks were sent to Mr. Williams, the company's agent at Minneapolis, for the purpose of making out such proofs; that they were subsequently handed to him by Mr. Smith, the plaintiff's attorney, to be forwarded to the company at its home office; that he could not answer whether he had sent them, because he was not able to find he had done so, from an examination of his letter book; that ordinarily, as a matter of convenience to policy holders, he sent such proofs to the home office; that Major Henry P. Barton, superintendent of the company's agencies, generally has charge of the settlement of policies when deaths occur, and was such superintendent in January, 1884; that witness met Major Barton and plaintiff's attorney in Grannis Block, in reference to this claim, and several conversations were had about it. Mr. Smith, plaintiff's attorney, then testified as follows: "I delivered them (the proofs) to Mr. Stewart Marks, under this policy. They were delivered to him by me on the 1st of January, 1884, to the best of my recollection. The day before this suit was commenced, I was notified by Mr. Marks that Major Barton was here, and would like to meet me at their office in reference to this matter. They declined to pay it. Didn't put it on any ground, but simply declined to pay it. Said he would give me the amount of money the man had paid them."

Upon this state of facts, the court refused, upon the defendant's application, to either exclude the evidence from the jury, or to instruct them to find for the defendant. The defendant declined to offer any evidence, and the cause was submitted upon the foregoing evidence, with the result already stated.

It is earnestly contended by appellant's counsel, that the trial court erred in refusing to instruct the jury to find for the defendant, or to exclude the evidence from the jury. This contention is based upon four distinct propositions, which, if true to the extent claimed, clearly justify the conclusion which counsel draw from them. These propositions are as follows:

*First*—That the plaintiff, by setting the application out in the declaration, makes it a part of the same, and that the legal effect of it is the same as if every fact therein stated had, in the ordinary way, been expressly averred.

*Second*—That the matters and things set up in the application, being declared both in the policy and application to be a part of the contract, and being also expressly warranted by the assured "to be true in all respects," are, by the terms of the contract itself, made "material," or, in other words, are made "warranties," without regard to whether they were, in fact, material to the risk or not.

*Third*—That the answers, statements and representations in the application being *warranties*, they are conditions precedent to a recovery, and the plaintiff was bound to prove them, regardless of their form, nature and character, to justify a recovery.

*Fourth*—It is the settled law and practice in this State that where no evidence has been offered to prove any material allegation in the declaration put in issue by the pleadings, and not admitted for the purposes of the trial, or otherwise waived or dispensed with, the court should, on motion, exclude the evidence offered on other issues in the case, or direct the jury to find for the defendant.

The last proposition is fully sustained by the decisions of this court, and may be admitted to be true, without qualification. (*Frazer* v. *Howe*, 106 Ill. 563; *Abend* v. *Terre Haute and Indianapolis Railroad Co.* 111 id. 202.)    The first proposition is also equally true, and is so elementary in its character as to require no authority in its support.

With respect to the second proposition, it is believed it can not be maintained as universally true, without some qualification.    It is, however, generally true, that where the application is expressly declared to be a part of the policy, and the statements therein contained are warranted to be true, as was the case here, such statements will be deemed material, whether they are so or not, and if shown to be false, there can be no recovery on the policy, however innocently made, and notwithstanding their falsity may have no agency in causing the loss or producing the death of the assured. (*Ripley* v. *Ætna Ins. Co.* 30 N.Y. 136; *O'Niel* v. *Buffalo Fire Ins. Co.* 3 id. 122; *Barteau* v. *Phœnix Mutual Life Ins Co.* 67 id. 595.)    While this is true as a general rule, still there are cases to be found in which the statements in the application have been held to be representations, merely, notwithstanding they were expressly declared to be warranties, as they are here.    Thus, in *Fitch* v. *A., P. and L. Ins. Co.* 55 N. Y. 557, which was an action on a life policy, and the defence an alleged breach of warranty by the assured in untruly answering certain questions in the application, the policy, among other statements, contained the following: "*Fraud* or *intentional misrepresentation* violates the policy, and the statements and declarations made in the written application for this policy, and on the faith of which it was issued, are *warranties*, in all respects true, and do not suppress or omit any fact relative to the insured, affecting the interest of the company, or which, whether material or not, would tend to influence the company in taking the risk." In the concluding part of the application occurs the following: "I, the undersigned

applicant, * * * do hereby declare that the preceding answers to the annexed questions and written statements, in the preceding statement, declaration or *warranty,* together with the statements made to the examining physician, are *warranties,* correct and true, * * * and shall be the basis and form part of the contract or policy between the undersigned applicant and the said company, and if not in all respects true and correct, the policy shall be void." It is also further said in the policy, that the same is issued and accepted "in entire, unconditional honesty and good faith, and with the just intent of scrupulously fulfilling all the conditions and engagements of the contract with absolute certainty," etc. Under this state of facts, one of the questions made in the case was, whether the statements in the application were warranties or merely representations, and it was held they were the latter. The conclusion reached seems to have been placed mainly on two grounds, namely: First, because the good faith and honest intentions of the contracting parties are so studiously and conspicuously kept in the foreground of the transaction; second, it was thought, that because of the frivolous character of many of the questions and answers, and the difficulty, if not impossibility, of proving many of them after the death of the assured, it could not have been intended to give them the force and effect of absolute warranties. As to the first ground of the decision, it was certainly a work of supererogation, so far as the assured was concerned, to make any reference whatever to his good intentions, honest purposes, etc., if, as was claimed, his answers and statements were all warranties, binding him absolutely, without regard to whether they were made honestly or dishonestly.

Both of the elements forming the basis of the decision in that case are clearly present in this. Thus, the statement in the policy that the answers, statements, etc., in the application, etc., are warranted by the assured to be true in all respects, is followed by the additional statement, "that if this

policy has been obtained by or through any fraud, misrepresentation or concealment, said policy shall be absolutely null and void." It is clear, the fraud, concealment and misrepresentation here contemplated can have no application to anything other than the answers to the questions in the application. If true and full answers, there could be neither fraud, concealment nor misrepresentation, and if not full and true, upon the hypothesis they were warranties, the assured would incur a forfeiture of the policy, whether there was any intentional misrepresentation or suppression of the truth or not. If the answers, however, are simply representations, as contradistinguished from warranties, in the technical sense of those terms, then such of the answers, not material to the risk, as were honestly made, in the belief they were true, would not be binding upon the assured, or present any obstacle to a recovery. It is clear, therefore, the only way in which to give that provision of the policy relating to fraud, concealment and misrepresentation, any effect at all, is by treating the answers in the policy as mere representations, and not warranties. If so treated, any defence founded upon an alleged misrepresentation or fraudulent concealment, it is clear, would have to be set up and proved by the company. And is this not more in consonance with the presumed intentions of the parties than the opposite view?

Turning our eyes to the policy, we find the assured is exhaustively examined with respect to his afflictions, through life, in the way of diseases. Each disease is specifically pointed out, and called to his attention in a separate interrogatory. Question follows question, until the number of diseases brought in review amount altogether to twenty-four, which is followed by just that number of categorical answers. Some of the diseases in this imposing list are of such a character that most persons afflicted with them would naturally shrink from giving publicity to the fact, and, consequently, no proof could be made after their death, one way or the other.

Again, he is asked the condition of his father's mother's health previous to her death, and he answers he does not know. Now, suppose this answer is to be regarded as a warranty, and that the plaintiff is bound to prove, as is claimed, the truth of it, as a condition precedent to a recovery, is it not clear no recovery could be had at all?—for, from the very nature of the answer, no proof could be made about it after his death. Moreover, this fact was just as well known to the parties at the time as it was after the death of the assured. The question then arises, ought a construction to be accepted, as the true one, which will lead to such consequences, when another reasonable construction can be adopted which will not lead to such results, and will, moreover, give effect to all the provisions of the policy, which the opposite construction clearly would not? We think not.

But leaving this all out of the question, whatever may be the holding of other courts on the subject, the rule seems to be well settled in this State that it is not necessary for the plaintiff, in an action on the policy, to either allege or prove such matters as appear in the application, only. To be availed of as a defence, without regard to whether they are warranties, or representations, merely, their falsity or breach by the assured must be set up and proved by the defendant, as matter of defence. *Herron* v. *Peoria Life Ins. Co.* 28 Ill. 235; *Illinois Ins. Co.* v. *Stanton,* 57 id. 354; *Mutual Life Ins. Co.* v. *Robertson,* 59 id. 123; *Guardian Life Ins. Co.* v. *Hogan,* 80 id. 35. The same view is taken by the United States Supreme Court in *Piedmont Ins. Co.* v. *Ewing,* 92 U. S. 377. It is there said: "The number of questions now asked of the assured in every application for a policy, and the variety of subjects and length of time which they cover, are such that it may be safely said no sane man would ever take a policy, if proof, to the satisfaction of a jury, of the truth of every answer were made known to him to be an indisputable prerequisite to payment of the sum secured, that proof to be

made only after he was dead and could render no assistance in furnishing it. On the other hand, it is no hardship, that if the insurer knows or believes any of the statements to be false, he shall furnish the evidence on which that knowledge or belief rests. He can thus single out the answer whose truth he proposes to contest; and if he has any reasonable grounds to make such an issue, he can show the facts on which it is founded. The judge of the circuit court was, therefore, right in refusing to instruct the jury that the burden of proving the truth of these answers rested with the plaintiff below."

The view taken in that case has our hearty concurrence, and it is believed to be supported by the later and better authorities. It is certainly founded in convenience, and is promotive of justice. Nor does the rule and practice here sanctioned at all conflict with the general and well recognized doctrine, that the plaintiff must aver in his declaration, and prove on the trial, performance, on his part, of the agreement, or, at least, an offer to perform, otherwise he will not be entitled to recover, unless he is prepared to show there has been a waiver of such performance by the defendant. Such promissory conditions in the contract as he has undertaken to perform, are known to the law as conditions precedent, and if they have not been waived or dispensed with by the defendant, the plaintiff is bound, at his peril, to aver, and prove them on the trial. This elementary rule of law applies as fully to actions on policies of insurance, as to any other class of cases. So in this case, the plaintiff was bound to aver, and show in her declaration, the making of the policy, its terms, the payment of the premium, the death of the assured, and the giving of notice, and making proof thereof, to the company. When these averments had all been proved, in so far as their proof had not been waived or dispensed with, a *prima facie* right of recovery was made out against the defendant, which the latter was bound to meet by some affirmative action, otherwise the plaintiff was entitled to judgment.

It is contended, however, that even upon this theory the plaintiff was not entitled to recover, for the reason there was no competent testimony before the jury from which they were authorized to find that notice and proofs of the death of the assured were made out and given to the company within the time and in the manner required by the policy. This is conceded. Nevertheless, we do not think the defendant is in a position to take advantage of the deficiency of the proofs in this respect. It is an elementary principle of law, that it is not necessary, in any case, to prove the performance of a condition which has been waived by the party having the right to demand its performance. A condition once waived is forever gone, and the performance of it can not be thereafter required.

We regard the doctrine well settled, that where notice and proofs of loss, or of the death of the assured, in the case of a life policy, have been made out and delivered to the company in due time, and they are retained by it without objection, the company can not, when subsequently sued on the policy, question their sufficiency. *Peoria Marine and Fire Ins. Co.* v. *Lewis,* 18 Ill. 553; *Hartford Fire Ins. Co.* v. *Walsh,* 54 id. 164; *Great Western Ins. Co.* v. *Staaden,* 26 id. 360; *Herron* v. *Peoria Marine and Fire Ins. Co.* 28 id. 235. Moreover, it is well settled, that where an insurance company, after a loss has occurred, places its refusal to pay upon some ground not affecting the merits of the case, as, for instance, want of proper notice, all other formal objections not then complained of or pointed out will be regarded as waived. On the same principle, when the claim is, that the policy, for any cause, never became legally binding upon the company, and it places its refusal to pay on that ground, it can not be heard afterwards to urge any mere formal objections to the right of recovery.

We think the facts in this case warranted the jury in finding that proofs, and notice of the death of the assured, were de-

livered to the company in due time. The proofs were made out and handed to the company's agent at Chicago, to be sent by him to the home office, at Hartford, Connecticut, on the 31st of January, 1884. The agent swears it was his custom, as a matter of convenience to the patrons of the company, to send proofs in that way, and it is but reasonable to presume he performed his duty in that respect, although he says he did not always do it, and could not say whether he did it in this case or not. At all events, in May following, the general adjuster of losses was in Chicago, and at his request, Mr. Smith, the attorney of the plaintiff, called on him in connection with this claim, and several interviews were had between them about it, resulting in an offer on the part of the company to return the amount of the premiums paid by the assured, but a refusal to pay anything on the policy. It is evident, from these circumstances, that the claim of the plaintiff had been referred by the company to its general adjuster of such claims, and this probably would not have been done if proofs of no kind, of the death of the assured, had been received at the home office. Neither in these interviews, nor at any other time, does it appear any formal objections were interposed to the payment of the claim. The conduct of the company in offering to return the premiums, and making no formal objections to the proofs, or otherwise, we regard as equivalent to denying all liability on the policy. We also think the placing of its refusal on that ground was a waiver of all merely formal defences, and, consequently, relieved the plaintiff from proving anything for the purpose of meeting merely formal objections, such as the making out and delivery of the proper proofs. But this is not all. Assuming, as we do, there was sufficient evidence before the jury from which to find that some kind of proofs of the death of the assured were in apt time delivered to the company, their failure to make any objection to them estopped them from afterwards questioning their sufficiency, consequently, the offering of them in evi-

dence would have been a mere idle ceremony, for, however defective they may have been, no advantage could have been taken of it. In addition to all this, we think, with the Appellate Court, that the filing of the declaration in this case was of itself implied notice to the defendant to produce the proofs in question on the trial, and not having done so, the verbal testimony offered on the subject was, in our opinion, sufficient to warrant the finding of the jury. *Malby* v. *Greenough,* 5 Fost. 325, and cases cited; 2 Phillips on Evidence, Cowen & Hill's notes, (5th ed.) marg. page 538, note 461.

It is hardly necessary to say, in conclusion, that the evidence before us has been discussed exclusively in its relation to the motion to withdraw the case from the jury or to instruct the jury to find for the defendant, and not at all with the view of determining whether the facts were properly found by the jury or by the Appellate Court.

*Judgment affirmed.*