## THE PHENIX INSURANCE COMPANY

*v.*

## JOHN STOCKS *et al.*

*Filed at Mt. Vernon June 19, 1893—Rehearing denied Nov. Term, 1893.*

1. INSURANCE—*application—answers written by agent of the insurer with full knowledge of the facts.* On an application of a husband for the insurance of his wife's buildings, etc., the husband alone answered the interrogatories orally to the agent of the company, who reduced his answers to writing. To the question, "What is the title; answer particularly," the husband answered, "My wife has a warranty deed from her father to the land," the truth being, that the deed from the father was a warranty deed to his daughter "and the heirs of her body." The agent inserted "fee simple" as the title. When the answer to the question, as entered, was read over by the agent, the applicant said he guessed it was right : *Held,* that as the entries in the application were made by the insurance company's general agent, and the insured was guilty of no fraud, the falsity of such representations could not be shown by the company to release it from liability for a loss.

2. Where the agent of an insurance company, in taking an application for insurance, is informed of the circumstances of plaintiff's title, so that the company could, upon inquiry, have learned its nature, and without specifying the true answer of the plaintiff in the application concluded plaintiff had a title in fee, and so inserted such statement without the plaintiff's knowledge, the company can not avoid liability on the ground the title is not truly stated in the written application.

3. SAME—*erroneous conclusion of agent.* Where the assured fully discloses to the insurance company, or its agent, the necessary facts, or they are otherwise cognizant of them, and they dispense with any act on his part, they will be estopped from denying the description in the policy. If, from the facts, they erroneously determine that the insured has one kind of interest in the premises when he has another, the company will be estopped from saying that it was mistaken, and by that means to escape the liability it has incurred.

4. SAME—*application filled by agent of the insurer—parol proof—liability of the insurer.* In an action on a policy of insurance, where the application contains answers, it is competent for the plaintiff to show, by parol evidence, that the application was filled out by the agent of the insurance company with full knowledge of the facts, and this, though it be signed by the assured after it is filled. In such case, the representations are the acts of both the assured and the assurer.

5. SAME—*application—avoiding misrepresentation.* In an action upon a policy of fire insurance it is competent to show, by parol evidence, that the application was filled by the agent of the company with full knowledge of all the facts, and this although the application is afterward signed by the assured, and thereby enable the plaintiff to avoid as a misrepresentation misstatements appearing in the answers.

6. SAME—*notice to agent—binding on company.* The agent of an insurance company, upon whom a demand to submit the value of the property to arbitration was made, went with the general adjuster of the company to view the premises, and was present at the measurements taken, and at the interviews with the assured looking to an adjustment of the loss: *Held,* that the service of the demand on such agent was binding on the company.

7. SAME—*general agent of the company—what constitutes.* It has been repeatedly held by this court that an agent, although local in respect of the territory in which he operates, who is clothed with general power to solicit and make contracts of insurance for the company, is so far a general agent that notice to him of facts affecting the contract is notice to the insurance company.

8. SAME—*when company is bound by acts of agent.* Persons dealing with an agent can not know, nor are they required to know, the limitations upon his power to represent his principal. An insurance company is bound by the acts of its agents in the exercise of powers within the apparent scope of his authority, unless limitation upon such powers is brought to the notice of the assured.

9. SAME—*arbitration—waiver of rights.* The parties to a policy of insurance may waive a condition therein requiring arbitration to find the valuation of the property, as well as those relating to proof of loss, and the like. The mere silence of the insurance company will not amount to a waiver of its right to insist upon the conditions, but when it puts its refusal to allow the justice of the claim upon other grounds not susceptible of being submitted to arbitration, the condition requiring arbitration will be held as waived. When asked its objection to paying for the loss, good faith requires that it should state the true grounds of its defense.

10. PLEADING AND PRACTICE—*setting out instrument in hæc verba—continuance.* In an action on a policy of insurance it will be sufficient, to avoid a continuance, for the plaintiff to set out *in hæc verba* the policy in a count of the declaration. It is not necessary to attach a copy of the application, and it will be presumed to be in the possession of the insurer.

11. SAME—*allegations and proofs—defense to insurance policy.* In an action on a policy of insurance, the plaintiff is required only to allege and prove such matters as appear to be conditions precedent in the

PHENIX INS. CO. v. STOCKS et al.       321

Statement of the case.    Brief for the Appellant.

policy. If the application contains false representations or warranties, the defendant may introduce such representations and prove them to be false, if he so desires.

12. PRACTICE—*allowing defense not pleaded.* Where a defendant fails to interpose a particular defense prior to the calling of the cause for trial, he must show some diligence and some reasonable excuse for not having his defense presented prior to the call for trial. When this is shown, it will be the duty of the court, in the exercise of a sound discretion, to allow the defense.

13. ERROR—*will not always reverse.* Although the court may err in refusing to allow the defendant to file a new plea setting up a new defense, yet if the court admits all the testimony necessary to show such defense, under the general issue, the error is such that it will work the defendant no harm.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Williamson county; the Hon. GEORGE W. YOUNG, Judge, presiding.

On the first day of December, 1887, the appellant insurance company issued its policy to appellees, insuring their dwelling house to the amount of $800, and their furniture, wearing apparel, books, piano, etc., in the sum of $400, against loss or damage by fire for the period of five years from noon of that day. The premium for the term was paid in advance. The building and its contents were burned in the afternoon of May 17, 1890, during the continuance of said policy in force. The amount of the policy not having been paid, this suit was brought thereon October 3, 1890, in the circuit court of Williamson county. A trial resulted in verdict and judgment for the full amount of the policy, from which the company appealed to the Appellate Court, where the judgment was affirmed, and the insurance company, defendant, prosecutes this further appeal.

Mr. WILLIAM W. CLEMENS, for the appellant:

The court erred in refusing to give the instructions as to the title held by the insured. *Insurance Co.* v. *Mehlman,* 48 Ill. 313; *Royal Templars of Temperance* v. *Curd,* 111 id. 284;

21—149 ILL.

*Dix* v. *Insurance Co.* 22 id. 277; *Insurance Co* v. *Cole,* 18 Ill. App. 413; *Insurance Co.* v. *Weary,* 4 id. 74.

This defense was available under the general issue or non-assumpsit. Chitty's Pl. (5th Am. from 4th London ed.) 417, 418, 419; *Wann* v. *McNulty,* 2 Gilm. 355; *Harvey* v. *Cook,* 24 Ill. App. 135; *Biederman* v. *O'Conner,* 117 Ill. 493; *Insurance Co.* v. *Nelson,* 65 id. 415.

Under said provision of the policy, the contract of insurance was void, both as to the house and the contents. May on Insurance, (2d ed.) sec. 277; *Day* v. *Insurance Co.* 51 Me. 101; *Richardson* v. *Insurance Co.* 46 id. 394; *Gould* v. *Insurance Co.* 47 id. 410; Flanders on Insurance, 331; *Insurance Co.* v. *Resh,* 44 Mich. 55; *Bowman* v. *Insurance Co.* 40 Md. 620; *Hinman* v. *Insurance Co.* 36 Wis. 159; *Schumitsch* v. *Insurance Co.* 48 id. 26; *Smith* v. *Insurance Co.* 25 Barb. 497; *Gottsman* v. *Insurance Co.* 56 Pa. St. 210; *Bleakely* v. *Insurance Co.* 16 Grant, 198; *Plath* v. *Insurance Co.* 23 Minn. 475.

The clause in the policy providing for arbitration is a condition precedent to an action on the policy. May on Insurance, (2d ed.) secs. 466, 493, 495; *Insurance Co.* v. *Whitehill,* 25 Ill. 466; *Barney* v. *Giles,* 120 id. 155; *Insurance Co.* v. *Brennan,* 58 id. 158; *Plumb* v. *Taylor,* 27 Ill. App. 241; *Insurance Co.* v. *Pulver,* 126 Ill. 331; *Insurance Co.* v. *Nelson,* 65 id. 415; *Baird* v. *Evans,* 20 id. 30; *Eldridge* v. *Rowe,* 2 Gilm. 91; *Weaver* v. *Wilson,* 48 Ill. 125; Wood on Insurance, (2d ed.) 342; *Holmes* v. *Richet,* 56 Cal. 307; *Faunce* v. *Burke,* 16 Pa. St. 469; *Scott* v. *Avery,* 20 Eng. L. & Eq. 327; 5 H. L. Cas. 811; *Dry Dock Co.* v. *Union Assurance Co.* 66 Cal. 53.

In Massachusetts there is a statute against arbitration being made a condition precedent. And see *Insurance Co.* v. *Martin,* 51 Ga. 95; *United States* v. *Robeson,* 9 Pet. 519; *Dilly* v. *Pohill,* 2 Str. 923; *Blanchard* v. *Murray,* 15 Vt. 548.

The assured is bound by the terms of his policy which he accepts and holds without objection. May on Insurance, sec. 167; *Insurance Co.* v. *Lebcher,* 20 Ill. App. 450; *Insurance Co.*

v. *Little*, id. 431; *Insurance Co.* v. *School Directors*, 4 id. 145; *Insurance Co.* v. *Steiger*, 13 id. 482; *Insurance Co.* v. *Hulman*, 92 Ill. 145; May on Insurance, sec. 466.

Agents can only bind insurance companies to the extent they are delegated or recognized and held out as possessing authority. Wood on Insurance, (2d ed.) 37, note, 44, 870; May on Insurance, (2d ed.) sec. 138; *Cooley* v. *Willard*, 34 Ill. 68; *Insurance Co.* v. *Holzgrafe*, 53 id. 524; *Switzer* v. *Wilbers*, 24 Kan. 484; *Benefit Ass.* v. *Conway*, 10 Ill. App. 353; *Mathews* v. *Hamilton*, 23 Ill. 470; *Tate* v. *Evans*, 7 Mo. 419; *Whitehead* v. *Tuckett*, 15 East, 400; *Bohart* v. *Oberne*, 13 Kan. 388; *Chellis* v. *Coble*, 15 id. 505; *McPike* v. *Assurance Co.* 61 Miss. 37.

Messrs. DUNCAN & RHEA, for the appellees:

When the instrument sued on is set out *in hæc verba* in a count, no additional copy thereof is necessary to be filed. *Benjamin* v. *Delahay*, 2 Scam. 574.

In an action on a policy of insurance the application need not be shown by a copy. *Herron* v. *Insurance Co.* 28 Ill. 235.

The objection that a copy of the obligation sued on is not filed, comes too late after plea in bar. *McCarthy* v. *Mooney*, 41 Ill. 300.

As to continuance for defective copy of the instrument sued on, see *Franey* v. *True*, 26 Ill. 185; *Roberts* v. *Thompson*, 28 id. 79.

As to the effect of representations made by the agent for the insurance company in respect to the property insured, see *Grange Mill Co.* v. *Assurance Co.* 118 Ill. 396; *Herron* v. *Insurance Co.* 28 id. 235; *Insurance Co.* v. *Nelson*, 65 id. 415; *Insurance Co.* v. *Hogan*, 80 id. 35; *Benevolent Society* v. *Winthrop*, 85 id. 537; *Insurance Co.* v. *Jackson*, 83 id. 302; *Insurance Co.* v. *Nelson*, 75 id. 548.

It has been several times laid down in previous decisions as the rule recognized by this court in such cases, that it may

be shown the applicant for the policy in fact did not make the representations as shown by the application, but that the application was filled out by the agent of his own accord. *Insurance Co.* v. *Tucker*, 92 Ill. 64; *Insurance Co.* v. *Ives*, 56 id. 402; *Insurance Co.* v. *Fish*, 71 id. 620; *Insurance Co.* v. *Nelson*, 65 id. 415.

Appellant also insists that if void as to the land by reason of misrepresentations as to title, the policy is also void as to the personal property. Not a single Illinois case is cited by appellant on this point. When the various articles are separately insured, the risk on each being specified, a default or breach as to one article will not affect the others. *Insurance Co.* v. *Spankneble*, 52 Ill. 53; *Insurance Co.* v. *Walsh*, 54 id. 164; *Loehner* v. *Insurance Co.* 17 Mo. 247; *Insurance Co.* v. *Lawrence*, 4 Metc. 9; May on Insurance, sec. 278.

Appellant waived his grounds of defense by not urging them at the proper time. *Insurance Co.* v. *Rogers*, 119 Ill. 487; *Grange Mill Co.* v. *Assurance Co.* 118 id. 401; *Insurance Co.* v. *Gueck*, 130 id. 345; *Insurance Co.* v. *Tucker*, 92 id. 64; *Insurance Co.* v. *Cary*, 83 id. 454.

Mr. Justice Shope delivered the opinion of the Court:

*First*—It is insisted that the court erred in not continuing the cause upon the motion of the defendant, because a copy of the application upon which the policy issued was not filed with the declaration ten days before the first day of the term. The policy sued on was set out *in hæc verba* in the first count of the declaration. A demurrer having been sustained to the declaration, it was amended, and a copy of the application filed with the amendment. The policy being set out in the declaration, was a sufficient compliance with the statute. (*Benjamin* v. *Delahay*, 2 Scam. 574.) The policy was the instrument sued on, within the meaning of the statute, and it was unnecessary for the plaintiff to attach a copy of the application. *Herron* v. *Peoria Marine and Fire Ins. Co.* 28

Ill. 235; *Illinois Ins. Co.* v. *Stanton*, 57 id. 354; *Grange Mill Co.* v. *Western Assurance Co.* 118 id. 396; *Continental Life Ins. Co.* v. *Rogers*, 119 id. 474; May on Insurance, (2d ed.) sec. 183. Presumably, the application, if made the basis of the insurance, was delivered to and retained by the insurer, and would not be in possession of the assured.

*Second*—It is also urged that there was error in the refusal of the court to grant leave to the defendant to file a special plea after the trial had been entered upon and the plaintiffs' case practically closed. This plea, after reciting the stipulation of the policy that if an application was made prior to the issuing of the policy, the same should be considered a part of the contract and a warranty by the assured, and any false representations by the assured, etc., would avoid the policy, and that if the interest of the assured in the property should be other than an absolute fee simple title, or if any other person had any interest in the property, it should be so represented to the company and so expressed in the written part of the policy, otherwise the policy should be void, and that all fraud or attempted fraud, by false swearing or otherwise, should forfeit all claim on the defendant, and be a complete bar, etc., then alleges that there was an application, upon which the policy sued on was issued, signed by the plaintiff John Stocks, in which application it was untruly and fraudulently represented that the building insured was the property, in fee simple, of the assured, etc., and that the building was, in fact, not the property, in fee simple, of the assured, or either of them, at the time of the issuance of said policy, nor since, etc.

It seems to be well settled in this State, whatever may be the rule elsewhere, that the plaintiff is required only to allege and prove such matters as appear to be conditions precedent in the policy, and although the application is referred to in the policy and made part of it, the matters contained in the application, only, whether they be construed to be warran-

ties or representations, are matters of defense. Thus, in *Herron* v. *Peoria Marine and Fire Ins. Co. supra*, it is said: "The objection that the original application for insurance, being a condition precedent, is not set out, we think is not sound. We do not think the assured is bound to set out and prove the truth of his representations. They are subject to attack by the defendant." In *Mutual Benefit Life Ins. Co.* v. *Robertson*, 59 Ill. 126, it is said: "Conceding that the representations contained in the application for the policy were made warranties by the reference to them in the policy, still we can not say they were untrue. * * * Appellee was not bound to set out the application and prove its truth. This paper must have been in the custody of appellant. The company might have introduced it and proved its representations to be false." (See, also, *Guardian Mutual Life Ins. Co.* v. *Hogan*, 80 Ill. 40; *Illinois Ins. Co.* v. *Stanton*, 57 *id.* 354.) In *Continental Life Ins. Co.* v. *Rogers*, 119 Ill. 485, it is said: "The rule seems to be well settled in this State that it is not necessary for the plaintiff, in an action on the policy, to either allege or prove such matters as appear in the application only. To be availed of as a defense, without regard to whether they are warranties, or representations, merely, their falsity or breach by the assured must be set up and proved by the defendant as matter of defense."

It seems clear, that had the plea been presented in apt time, the right of defendant to file it would have been unquestionable. When presented, however, and leave was asked to file it, the application was addressed to the discretion of the trial court. The 24th section of the Practice act provides: "At any time before final judgment in a civil suit, amendments may be allowed on such terms as are just and reasonable, * * * either of form or substance, in any process, pleading or proceeding which may enable the plaintiff to sustain the action for the claim for which it was intended to be brought, or the defendant to make a legal defense."

While a most liberal construction has been given this statute, it has never been held to give the defendant the absolute right to interpose defenses, after having once pleaded, without leave of the court, or as being mandatory upon the court to grant leave upon the mere application of the party. On the contrary, it has been repeatedly held that the defendant must show diligence, and some reasonable excuse for not having presented his defense prior to the calling of the case for trial. Where this is shown, it would be the duty of the court, in the exercise of a sound discretion, to allow the defense to be interposed. (*Lincoln* v. *McLaughlin*, 74 Ill. 11; *Haas* v. *Stenger*, 75 id. 597; *Millikin* v. *Jones*, 77 id. 372; *Misch* v. *McAlpine*, 78 id. 507). The application was here unaccompanied by any showing that the defendant did not know, or by the exercise of reasonable diligence might not have known, every fact set up by the plea before the issue was joined and the trial entered upon, nor was there anything in the record showing such want of knowledge. Moreover, the court held the proof that might have been offered under this plea admissible under the general issue, and the defendant had the full benefit, both in the evidence and instructions of the court, of every right it could have claimed under the plea. If, therefore, it can be said that the court erred in refusing the leave, the defendant was in nowise prejudiced.

*Third*—Treating the evidence as properly before the jury under the general issue, it is insisted that there was a breach of the ninth condition of the policy, the substance of which is set out in the recitals of the foregoing special plea. In answer to the question in the application, "What is the title; answer particularly," occur the words "Fee simple," and the policy provides that if the title is not correctly set forth, as we have seen, the policy will be void. There was evidence tending to show that this answer in the application was not the answer of the assured, but of the agent of the insurer. In answer to the question, when read to him by the agent,

John Stocks, who alone made the application, replied, "My wife has a warranty deed from her father to the land." There-upon the agent wrote in the application the words, "Fee simple." This evidence is substantially uncontradicted, except that the agent testifies that he concluded from the statement that Mrs. Stocks had a warranty deed, that the title was in her in fee simple, and that as he wrote the answer he said, "Fee simple?" and his recollection is that Stocks replied, "I guess so." It was shown that the title claimed by appellees was under a warranty deed from the father of Mrs. Stocks, to her and "her bodily heirs." The good faith of the assured in representing the title is not questioned. It is shown, and not controverted, even if the testimony of the agent as to what Stocks replied was credited, that Stocks did not know what was meant by "fee simple," or that the deed did not convey the absolute title.

But it is insisted that the question of good faith is imma-terial, as it would be if the representation of the title be treated as a warranty by the assured. The question of fact as to whether the answer was the act of the assured or that of the agent of appellant was fairly submitted to the jury by the instructions. Quoting from the abstract prepared by appellant's counsel: "The second instruction is to the effect, that if defendant's agent, in taking the application, was informed of the circumstances of plaintiffs' title, and from which they could, upon inquiry, have learned its nature, and, without specifying the true answer of the plaintiffs in the application, concluded they had fee simple title, and so inserted such statement without plaintiffs' knowledge, then defendant can not avoid liability," etc.

It was held in *Andes Ins. Co.* v. *Fish,* 71 Ill. 620, that it was competent to show, by parol, that the application was filled out by the agent of the insurance company with full knowledge of all the facts, for, as is said, "although after-wards signed by the assured, it was then the act of the com-

pany as well as of the assured, and its representations became as conclusive upon it as they did upon her." In this class of cases the admission of parol evidence for this purpose is not in violation of the rule which excludes such evidence when offered for the purpose of varying the terms of a written instrument. May on Insurance, (2d ed.) 183. It is said in the case last cited, quoting from *Atlantic Ins. Co.* v. *Wright,* 22 Ill. 473, that "when the assured fully discloses to the company or its agent the necessary facts, or they are otherwise cognizant of them, and they dispense with any act on his part, they are estopped from denying the description adopted in the policy. If, from all the facts in the case, they erroneously determine that the insured has one kind of interest in the premises when he has another, they can not be heard to say that they were mistaken, and by that means to escape the liability they have incurred." These cases are directly in point, as we think, and demonstrate the correctness of the submission of the case to the jury. The same rule has, however, been held in other cases : *Fire and Marine Ins. Co.* v. *Cornick,* 24 Ill. 461 ; *Fire and Marine Ins. Co.* v. *Chestnut et al.* 50 id. 116 ; *Rockford Ins. Co.* v. *Nelson,* 65 id. 415 ; *New England Fire and Marine Ins. Co.* v. *Schettler,* 38 id. 166.

If the agent had written the answer given by the assured, there is no pretence that it would not have been true in every particular. Stocks was unfamilar with titles and technical expressions in respect thereof, while the agent of the company was a lawyer, and presumably familiar with the business in which he was engaged. If, when the assured applies to an agent, he discloses the source and nature of his title, and the agent undertakes, or is permitted by the assured, to fill out the application, and instead of writing the title as given and disclosed, may insert in lieu thereof conclusions of his own, and the insurance company be permitted to insist that the words of the agent and not of the assured are warranties, rendering the policy void, the door will be opened to the perpe-

tration of unlimited fraud, especially so upon that large class of property owners who are unfamiliar with the methods of business pursued by insurance companies. If the agent was not satisfied with the answer given by the assured he could have required further disclosures, and failing to obtain them, have declined the risk.

What was said in *Lycoming Fire Ins. Co.* v. *Jackson,* 83 Ill. 302, and in *Rockford Ins. Co.* v. *Nelson,* 75 id. 548, in respect of the representations as to title, might appropriately be repeated here; but it is sufficient that, in our opinion, the case was properly submitted to the jury upon this issue, and their finding of fact having been approved by the trial and Appellate Courts, is conclusive.

*Fourth*—The remaining point relied upon, arises under the conditions of the policy in respect of arbitration, which are as follows:

"The amount of sound value and damage to the property, whether real or personal, covered by this policy, or any part thereof, may be determined by mutual agreement between the company and the assured, or failing to agree, the same shall then be submitted to competent and impartial arbitrators, one to be selected by each party, the two so chosen, in case of disagreement, to select an umpire, to whom they shall refer each subject of difference, and the award of any two of them, in writing, under oath, shall be binding and conclusive as to the amount of such loss or damage, but shall not determine the validity of the contract nor the liability of this company, nor any other question, except only the amount of such loss or damage. Each party shall pay their own arbitrator and one-half the cost of the umpire. It shall be optional with this company to take the whole or any part of the articles at their appraised value, and further, that it shall be optional with the company to repair, to rebuild or replace the property lost or damaged with like kind or quality within a reasonable time, giving notice of their intention to do so within sixty days

after receipt of the proofs herein required, and until such proofs, plans and specifications, declarations and certificates, are produced by the claimant, and such examinations and arbitrations permitted and had, the loss shall not be payable.

"No. 12. It is furthermore hereby expressly provided and mutually agreed, that no suit or action against this company for the recovery of any claim, by virtue of this policy, shall be sustainable in any court of law or chancery until after an award shall have been obtained fixing the amount of such claim in the manner above provided, which is agreed to be a condition precedent, nor unless such suit or action shall be commenced within twelve months after the date of the fire from which such loss shall occur."

The company stipulated to make payment for any loss or damage accruing under the policy, "sixty days after the proofs of the same, as required by the company, shall have been made by the assured and received at the office in Chicago, and the loss shall have been ascertained and proved in accordance with the terms and provisions of this policy, unless the company shall have given notice of their intention to replace, rebuild or repair the property damaged or destroyed."

This case differs from that of *German Ins. Co.* v. *Steiger*, 109 Ill. 254, *Birmingham Ins. Co.* v. *Pulver*, 126 id. 331, *Hutchinson* v. *Liverpool, etc., Ins. Co.* 153 Mass. 143, *Wright* v. *Susquehanna Ins. Co.* 110 Pa. St. 29, *Nurney* v. *Firemen's Fund Ins. Co.* 63 Mich. 633, and like cases, in that the condition there was, that arbitration was to be had upon the written request of either party, and it was there held, that as it was the right of either party to demand arbitration, it was the right of the parties to waive it, and if no demand was made therefor it would be presumed to have been waived. In the case at bar, arbitration fixing the amount of the loss is, by the contract of the parties, made an absolute condition precedent to the maintenance of an action upon the policy, and it has been so expressly held, upon exactly the same

conditions, in *Chippewa Lumber Co.* v. *Phenix Ins. Co.* 80 Mich. 116. See, also, *Birmingham Ins. Co.* v. *Pulver, supra,* and cases there cited.

Treating the provisions of the contract of insurance as requiring, as a condition precedent to the right of action, that arbitration should be had, it is clear that this action is prematurely brought unless arbitration has been waived, or the assured has, by performance or offer to perform, discharged the condition on his part. This provision, when there is no matter of dispute except as to the value of the property damaged or destroyed, furnishes a cheap and expeditious mode of determining the rights of the parties, and the power of the parties to contract for arbitration to that extent has generally been upheld. This and like clauses are inserted in the policy by the insurance company, however, without any special stipulation between the parties in reference thereto, and for the protection and benefit of the company. The insured must arbitrate, or offer to do so, unless the obligation is waived, while the company may or not, at its option, the only effect of its neglect or refusal being, to waive its right to insist upon the condition when sued upon the policy. Moreover, no valuation of the property can increase the amount to be recovered by the assured, while the appraisement may diminish the amount to be paid by the company. The rule, therefore, so often announced by this court, that in construing these and like clauses that construction is to be adopted which is most favorable to the insured, applies.   *Aurora Fire Ins. Co.* v. *Eddy,* 49 Ill. 106 ; *Commercial Ins. Co.* v. *Robinson,* 64 id. 265.

That the parties may waive the condition requiring arbitration, as well as those conditions relating to proof of loss, and the like, is uniformly held. The fire occurred May 17, 1890. Within a few days proofs of loss were made out and forwarded. On the 9th of June the general officers of the company replied, expressing dissatisfaction with the proofs of loss because the articles of property given as damaged or destroyed were listed

at their cost price, instead of their value at the time of the loss, and disputing the correctness of the claim, and the good faith of appellees in claiming that it was a total loss. That letter contained also the following: "The circumstances under which this fire occurred are such that we do not feel justified in extending to you any measure of grace, in considering your claim, which you may not fairly demand under the terms of the policy. There is at least one fact that looks very peculiar, and until our minds are relieved of the doubts which we have come to receive in regard to the integrity of this loss, we shall offer you no benefits that you may not demand under a strict construction of the policy." It next appears that the assured employed the agent of the company who issued this policy, and had him make up the proofs of loss, accompanying them with his certificate, as notary, of the good faith of the loss, as required by the policy. The second letter of the company, written June 17, rejects these proofs of loss, for the reason that the person certifying to them was not the notary nearest to the insured premises. It is again stated in this letter that the company does not agree with the assured as to the amount of their loss, and again expresses doubt as to the good faith of the assured in making their claim. This objection to the proofs of loss was, as it would seem, obviated by obtaining the certificate of the proper officer, so that no further complaint is made of the proofs of loss.

There seems to have been no further correspondence until the 23d of August following, when the assured wrote the general agent of the company as follows: "I would like for you to inform me what disposition there has been made with our claim under policy No. 1174," the policy in suit. "I have waited for some time to hear from you, but have not, and so I write for information." The company replied as follows: "Replying to your letter of August 23, received this morning, we beg to say that our views of this matter have been fully expressed in our previous correspondence, and have nothing

at this time to add." Looking into that correspondence, the assured would find nothing more required of them than they had already done. They had obviated every objection made to the proofs of loss which had been pointed out, and there remained only the expressions of doubt as to the integrity of the loss, and a general statement that the company intended to insist upon a strict construction of the rights of the assured under the policy. We are of opinion that common fairness required it, if the company intended to insist upon its right to have the extent of its liability fixed by arbitration, to have then called attention to the provision of the policy requiring it. Having met every requirement made by the company in the correspondence, and being told by the reply to their letter of the 23d of August that the "views" of the company in respect "of this matter" were "expressed in" the "previous correspondence," and that it had nothing to add thereto in determining what disposition should be made of appellees' claim, they were justified in concluding that whatever further contest there should be must necessarily be in the courts to determine the liability of the company under the policy.

As before said, while there are general statements that the company intended to insist upon a strict construction of the rights of the assured under the policy, and a refusal to extend to them any grace or benefits not given by such a construction, and had expressed at least a suspicion of the *bona fides* of the loss and integrity of the claim, the correspondence had been otherwise devoted to pointing out, specifically, objections to the proofs as furnished. When, therefore, the company said that its views were expressed in the correspondence and it had nothing to add, the inference necessarily was, if the objections to the proofs of loss had been obviated, that appellees would be required to establish the *bona fides* of the loss and of their claim, which alone could be determined in an action upon the policy. The mere silence of the company would not amount to a waiver of its right to insist upon the

condition, but when it placed its determination upon the grounds stated in the correspondence, which were such as could not be submitted to arbitration under the provisions of the policy, it must be held to have waived the condition requiring arbitration, (*German Ins. Co.* v. *Gueck*, 130 Ill. 345,) and especially is this so where the assured would be misled to their prejudice into bringing suit upon the policy without first having obtained an award. The company was not bound to speak at all, but when asked, in effect, what its determination was, if it answered, good faith required that it should disclose the true ground of its defense. *Derrick* v. *Lamar Ins. Co.* 74 Ill. 404; *Continental Ins. Co.* v. *Ruckman*, 127 id. 364; *Phenix Ins. Co.* v. *Tucker*, 92 id. 64; *Tayloe* v. *Merchants' Ins. Co.* 9 How. 390; *Columbian Ins. Co.* v. *Lawrence*, 10 Pet. 25; *Thuring* v. *Great Western Ins. Co.* 111 Mass. 93; 2 Wood on Fire Insurance, 1015, 1016; May on Insurance, 618, *et seq.*

The evidence, however, shows that the assured endeavored, in good faith, to comply with the condition of the policy in respect of arbitration. Within sixty days after furnishing the final and satisfactory proofs of loss, assured, acting under the advice of the learned counsel who appears in this case for the company, made a demand upon an agent of the company to submit the question of extent of the loss to arbitration, and gave notice of their readiness and willingness so to do. The objection is, that the agent upon whom the demand was made had no authority to act for the company in that behalf, and it is shown that the agent's authority was confined to securing insurance, receiving premiums and issuing policies, but he had no authority to bind the company in respect of adjustment of losses, and it is therefore insisted that notice to and demand upon him was not notice to or demand upon the company for a submission under the policy. We think, under the facts of this case, the assured were warranted in treating the agent as a general agent of the company. Per-

sons dealing with an agent can not know, nor are they required to know, the limitations upon his power to represent his principal. The company is bound by the acts of its agent in the exercise of powers within the apparent scope of his authority, unless limitation upon such powers is brought to the notice of the assured. *(Fire and Marine Ins. Co.* v. *Chestnut, supra; Eclectic Life Ins. Co.* v. *Fahrenkrug,* 68 Ill. 463; *Home Life Ins. Co.* v. *Pierce,* 75 id. 426; *Commercial Ins. Co.* v. *Ruckman, supra.)* The agent upon whom the demand was made went with the general adjuster of the company to view the premises, was present at the measurements taken, and at the interviews with the assured looking to an adjustment of the loss. It has been repeatedly held by this court, that an agent, although local in respect of the territory in which he operates, who is clothed with general power to solicit and make contracts of insurance for the company, is so far a general agent that notice to him of facts affecting the contract is notice to the company. *(Ætna Ins. Co.* v. *Maguire,* 51 Ill. 342; *Continental Ins. Co.* v. *Ruckman, supra,* and cases there cited; *Farnum* v. *Phœnix Ins. Co.* 83 Cal. 246; *Wood on Fire Insurance,* 1175, 1176.) Whether this agent was apparently clothed with authority to represent the company in the adjustment of this loss, or to accept service of the demand and notice for arbitration, under the conditions of the policy, was a question of fact, to be determined by the jury upon consideration of all the facts and circumstances proved.

No good purpose will be served by an examination in detail of the instructions given and refused. The case was submitted to the jury upon the various issues of fact, in accordance with the views herein expressed. There was nothing in the instructions refused, proper to be given, that was not fully covered by others given.

We are of opinion that there is in the record no prejudicial error, and the judgment of the Appellate Court is accordingly affirmed.                                    *Judgment affirmed.*