# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

SECOND DISTRICT—MAY TERM, 1897.

72 621
79 484
175s 322

## Metropolitan Life Ins. Co. v. Annie Mitchell.

1. LIFE INSURANCE—*Question of False Statements in the Application.*—The question of the truth or falsity of statements in an application for life insurance is one of fact for the determination of a jury.

2. EVIDENCE—*Records of Private Institutions.*—Before the records of medical institutions or of private physicians as to the examination of persons insured in life insurance companies are admissible in evidence, the identity of the person examined should be established.

Assumpsit, on a policy of life insurance. Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed June 26, 1897.

WILLIAM D. FULLERTON, attorney for appellant.

DUNCAN, HASKINS & PANNECK, attorneys for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action to recover upon a policy of insurance issued by appellant upon the life of Frank Mitchell, the deceased husband of appellee. The application was dated February 27, 1894, and the policy was issued March 8, 1894, and was for the sum of $1,000.

(621)

Appellee and her husband lived in Chicago at the time the policy was issued, but in January, 1895, they moved to La Salle, where the insured died of consumption on March 31, 1895.

The ordinary proofs of death were made out and filed with the company, but payment of the loss was refused.

There is some evidence that appellant called upon appellee for additional proofs of loss, but whether it did or not, we think the refusal to pay was based upon the claim that the policy was procured by fraud on the part of the insured in making false statements as to the condition of his health at the time he made his application.

There was a trial by jury and a verdict in favor of appellee for $1,000. A motion for new trial was overruled, and appellant brings the case to this court, and assigns upon the record twenty alleged errors, which it insists the court committed in the trial of the cause, and upon which it asks a reversal.

The declaration was in the usual form, to which appellant filed the general issue and ten special pleas, setting up in various forms the claim that at the time he made his application for insurance, the deceased was afflicted with bronchitis and habitual cough; that he was not in sound health, and that he falsely denied having any such troubles, and made other false answers in such application, whereby he fraudulently procured said policy of insurance. Issues were formed on these special pleas, and the whole controversy before the jury was as to the truth or falsity of the statements in the application, and the condition of health of the deceased at the time they were made.

The evidence upon these questions was conflicting, and, if the jury had found the other way, we probably would not have disturbed the verdict, but we can not say the verdict they did find is so manifestly against the weight of the evidence as to require us to set it aside for that reason alone. We fully recognize the proposition that the jury have no right arbitrarily to disregard evidence, and without reason to find a verdict against its clear preponderance, but, after

all, the jury are and must be the judges as to the credibility of the witnesses, and are only bound to give their testimony such weight as, under all the circumstances appearing on the trial, they deem it entitled to. Many things appear in the trial court which have their weight with the jury and trial judge which can not be reproduced here, and hence we have not the same opportunities for arriving at the truth as they have, and therefore in a conflict of the evidence it must be a strong case, and the verdict clearly wrong before we are warranted in setting it aside.

It is to be observed that the claim now is that the deceased was afflicted with consumption when he made his application, and Dr. Dunavan, a witness, who testified on behalf of appellant, gave it as his opinion that on January 8, 1895, when he was called to treat the insured, the latter was afflicted with consumption, and that the disease had then existed not less than eighteen months. If this were true, then insured had consumption at the time his application was made on February 27, 1894. But Dr. Hatheway, a physician of forty years practice in Ottawa, called as a medical expert on behalf of appellee, gives it as his opinion that a person may contract consumption and die of it in six weeks. The report of Dr. Sprague, the physician who examined Frank Mitchell on behalf of appellant before the policy was issued, showed that after a careful examination of the applicant, there was no " hoarseness, cough or other present derangement of function of the respiratory system discoverable by auscultation or percussion," and he further stated that he considered the chances of life of the applicant were first-class. In the face of evidence like this, it can not be said the jury were not warranted in finding that the assured was not afflicted with consumption at the time he made his application for insurance with appellant.

It is strongly urged that the court erred in permitting the cross-examination of Dr. Sprague upon this report, but we think the ruling of the court was entirely proper. The witness was called to identify a part of the papers pertaining to the application, and while he was not asked as to

other things appearing on the same page, to wit, his own report of the examination, yet we think it was relevant to show that he made an examination and to have his report thereof identified, which was substantially the extent of his cross-examination.    Even if it were not strictly cross-examination, appellee would have been entitled to the evidence at a later stage of the case, and it can have done no harm to let it come in as it did upon a cross-examination, and we hold it was not harmful error.

Nor do we think there was any error in refusing to admit certain records of medical institutions, and examinations of deceased, made, or alleged to have been made, by physicians who it is claimed prescribed for and treated him for the disease of which he died, about the time or before he made the application for insurance.

Before any such records were admissible, whether made by officers of medical institutions or by private physicians, it was incumbent on appellant to establish the identity of the deceased with the Frank Mitchell concerning whom the records were made.    This was not done.    There was no pretense of such identification.    In a city like Chicago, there are no doubt many Frank Mitchells, and whether or not the deceased was the man referred to in the record was for the appellant to establish before being permitted to use the record as evidence.

We find no error on the part of the court in admitting evidence on behalf of appellee.

The only instruction to which our attention is called in the argument is the fifth given for appellee.    It is claimed it was not justified by the condition of the evidence.    It is the usual " stock " instruction given in nearly every case where there is a sharp conflict in the evidence, and we are of opinion it was not error to give it in this case.

Finding no serious error in the record the judgment will be affirmed.