## Mutual Reserve Fund Life Association v. Sarah E. Powell et al.

1. INSURANCE—*Untrue Statement in the Application.*—In order to avail itself of the untruth of statements in the application, as a defense to an action on the policy or certificate, the insurer must plead and prove the statements and their falsity.

2. PRACTICE—*Allegations and Burden of Proof.*—He who avers a fact as a cause of action or defense must maintain his allegation by the greater weight of evidence.

**Assumpsit,** on a beneficiary certificate. Trial in the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed December 14, 1898.

KERRICK & BRACKEN, attorneys for appellant; GEORGE BURNHAM, JR., of counsel.

IRWIN & SLEMMONS, attorneys for appellees.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

On April 13, 1896, appellant issued a membership or beneficiary certificate to Dr. John W. Powell, of Peoria, which, upon certain conditions therein stated, entitled appellees to the sum of $3,000 at his death. He died August 5, 1897. Proofs of death were furnished, and payment refused. This action was then brought upon the certificate. Appellant pleaded the general issue and fourteen special pleas, each of which set up a statement made by deceased in his application for membership, and that such statement was a warranty and untrue. Replications were filed to each of said special pleas denying that deceased made the statement as alleged, and denying that the statement was false. Upon a jury trial there was a general verdict for appellees for the amount called for by the certificate, and fourteen answers to special interrogatories put to the jury at the request of

appellant, finding against appellant as to the allegations of said special pleas. A new trial was denied and judgment rendered upon the verdict, and by this appeal the association seeks its reversal.

It is argued the court erred in instructing that the burden of proving said statements untrue by the greater weight of the evidence was upon the defendant. We regard the law as settled for this State, that in order to avail of the untruth of statements in the application as a defense to an action on the policy or certificate, the insurer must plead and prove the statements and their falsity. Continental Life Insurance Company v. Rogers, 119 Ill. 474; Phœnix Insurance Company v. Stocks, 149 Ill. 319.

He who avers a fact as a cause of action or defense must maintain his allegation by the greater weight of evidence in order to succeed. Phelps v. Jenkins, 4 Scam. 48; Osgood v. Groseclose, 159 Ill. 511. We hold the instruction correctly placed the burden of proof.

The following questions and answers were contained in Dr. Powell's application: " Q. Are your habits at the present time and have they always been, sober and temperate? A. Yes. Q. Do you use, or have you ever used, ardent spirits— wine or malt liquor; if so to what extent—average quantity each day? A. Yes, whisky; average two drinks a day, whisky." It is claimed that under the evidence the jury should have found that this statement was false; that Dr. Powell was, and had been for years, a drunkard and often intoxicated. A servant whom he had discharged, and certain bath house attendants, did so testify; but many apparently reputable citizens who saw him daily and were with him often gave testimony to the contrary, which seems to be of a convincing character. The verdict appears to be supported by a clear preponderance of the evidence as to the above answers. The answers did not mean Dr. Powell was a total abstainer; that he took an average of two drinks of whisky a day implied that he sometimes took more than that quantity and sometimes less. Appellant was content to issue its certificate upon that statement.

In the application Dr. Powell stated he had never had syphilis. The main contention of appellant here is that this statement was false. There is testimony strongly tending to show that Dr. Powell, in opening a syphilitic abcess upon a patient, received the poison in a sore upon his hand and thereby became infected with the disease. The important testimony for appellant on this subject was by a single witness. The rest of the testimony tending to establish the existence of syphilis in Dr. Powell was of little value, except as corroborative of that one witness. On the other hand there is a strong body of testimony to show Dr. Powell never had that disease. No complaint is made of any rulings of the court adverse to appellant upon the admission of evidence. The only ruling of the court upon the admission of evidence which is disputed was in favor of appellant. The evidence is such that a verdict might have been rendered either way as to the truth or falsity of the statement in question. We can not say the jury ought to have found Dr. Powell had syphilis, nor that another jury would find that way. We can not say the verdict is clearly wrong upon that subject. The trial judge, who saw many of the witnesses upon the stand, has approved it. For the reasons stated by us at length in Metropolitan Life Insurance Company v. Mitchell, 72 Ill. App. 621, we do not feel warranted in holding this verdict was against the weight of the evidence on this point, and that it ought to be set aside. The judgment will therefore be affirmed.