WILLIAM F. McLAUGHLIN

v.

JOSEPH E. HINDS et al.

151 403
92a ³272

*Filed at Ottawa, March 31, 1894.—Rehearing denied, October Term, 1894.*

1. APPEALS—*review of questions of fact.* The question whether the plaintiff has performed his part of the contract in suit, and whether there has been an unreasonable and vexatious delay of payment by the defendant, so as to authorize a recovery of interest on an open account, is conclusively settled by the affirmance of the judgment of the trial court by the Appellate Court, and can not be considered by this court.

2. PRACTICE—*misconduct of attorneys with jury after trial.* After a jury had signed and sealed their verdict they left the court-room and met the attorney of the plaintiff, who took several of them to a saloon, where he and an attorney for the defendant treated them to cigars and intoxicating liquors: *Held*, that the conduct of the attorneys and the offending jurors was deserving of the severest condemnation, but as the attorneys were equally guilty of misconduct, the verdict would not be set aside.

3. SAME—*waiver of objection to evidence.* Where, on the trial, no objection is made to the introduction of evidence and no motion is made to exclude it, on the ground of the insufficiency of the declaration to admit the same, and no question is raised in the Appellate Court as to the admissibility of the evidence, the question of its admissibility can not be raised in this court for the first time.

APPEAL from the Appellate Court for the First District; —heard in that court on appeal from the Circuit Court of Cook County, the Hon. FRANK BAKER, Judge, presiding.

Messrs. CRATTY BROS. & JARVIS, for the appellant:

No interest should be allowed upon an open account, unless payment thereof has been unreasonably and vexatiously delayed. Revised Statutes 1889, chap. 74, sec. 2; *West Chicago Alcohol Works* v. *Sheer*, 104 Ill. 586; *Sammis* v. *Clark*, 13 id. 544; *Aldrich* v. *Dunham*, 16 id. 403; *Hitt* v. *Allen*, 13 id. 592; *Ill. Central R. R. Co.* v. *Cobb*, 72 id. 148; *City of Pekin* v. *Reynolds*, 31 id. 530; *City of Chicago* v. *Allcock*, 86 id. 384; *Kennedy* v. *Gibbs*, 15 id. 406.

The finding or decision of the jurors does not become the verdict of the jury until it is delivered in open court, and either party has the right to an impartial jury up to that point. *Root* v. *Sherwood*, 6 Johns. 67; *Blackley* v. *Sheldon*, 7 id. 32; *Johnson* v. *Howe*, 2 Gilm. 342; *Rigg* v. *Cook*, 4 id. 336; *Crotty* v. *Wyatt*, 3 Brad. 388; *Railroad Co.* v. *Faitz*, 19 id. 87; *Griffin* v. *Larned*, 111 Ill. 432.

Any improper conduct or interference with the jury, before their verdict is delivered in open court, is ground for reversal. *Knight* v. *Freeport*, 13 Mass. 218; *Bradbury* v. *Cony*, 62 Me. 224; *Koester* v. *Ottumwa*, 34 Iowa, 41; *Stafford* v. *Oskaloosa*, 57 id. 752; *Martin* v. *Morelock*, 32 Ill. 485; *Bonnet* v. *Glattfeldt*, 120 id. 166; *M. & O. R. R. Co.* v. *Davis*, 130 id. 147.

Mr. John Maynard Harlan, also for the appellant:

Judgment under the common counts was wholly improper. *Doan* v. *Dunham*, 65 Ill. 512; 1 Benj. on Sales, 422, sec. 462.

Where goods are sold and delivered, or work, labor, and materials are furnished under a special contract, a recovery under the common counts is permissible only upon the theory that nothing remains to be done under the contract, except the payment of money by the defendant. *Lane* v. *Adams*, 19 Ill. 167; *Pickard et al.* v. *Bates et al.*, 38 id. 40; *Boxberger* v. *Scott*, 88 Ill. 477.

Merely attaching a copy of the written contract to the declaration does not make it a part thereof, nor transform the suit to one upon the written contract. *Harlow* v. *Boswell*, 15 Ill. 56; *Humphrey* v. *Phillips*, 57 id. 132.

No interest is recoverable under the common counts, or in the absence of a special agreement for interest, upon sums due for goods sold and delivered. *Sammis* v. *Clark*, 13 Ill. 544; *Clement* v. *McConnel*, 14 id. 154; *Reid* v. *Rensselaer Glass Factory*, 3 Cowen, 393, 423–6; *Rapelie* v. *Emery*, 1 Dallas, 349; *Gordon* v. *Swan*, 12 East, 419; *Marshall* v. *Poole*, 13 id. 98.

McLaughlin *v.* Hinds *et al.*     405

Brief for the Appellees.    Opinion of the Court.

Mr. Sidney Smith, for the appellees:

As this is an action to recover a definite cash balance due upon a contract in writing, the plaintiff was clearly entitled to interest under the statute. R. S., ch. 74, sec. 1; *Ewing* v. *Runkle*, 20 Ill. 464; *Holliday* v. *Burgess*, 34 id. 193; *Toledo, W. & W. R. R. Co.* v. *Lockhart*, 71 id. 627; *T., W. & W. Ry. Co.* v. *Ingraham*, 77 id. 309; *Miller* v. *Balthasser*, 78 id. 302; *Belden* v. *Woodmansee*, 81 id. 25; *Gizler* v. *Witzel*, 82 id. 322; *Horn* v. *Walton*, 117 id. 130.

What occurred at Berry's, after the verdict was signed and sealed and delivered to the proper officer, and before it was opened in court and the jury polled the next morning, affords no cause for reversal, for the reason that nothing was said to or among the jury about the case or the verdict, the verdict itself was in no respect changed, and because one of the attorneys for appellant participated in this affair as fully as did appellees' attorney, and did not complain until the verdict was opened and the jury polled on his motion, and especially because it affirmatively appears that what there occurred did not affect the verdict, as the same was not subsequently changed or in any respects modified. See *Duke of Richmond* v. *Wise*, 1 Ventris, 124; *Wilson* v. *Abrahams*, 1 Hill (N. Y.) 207.

If, as in the case of *Martin* v. *Morelock*, 32 Ill. 485, plaintiffs' attorney had been found conversing with one or more of the jurors on the subject of the verdict, and the jury had subsequently dissented from and raised their verdict; or if, pending the trial and before the case was argued, the plaintiffs' attorney compromised a suit he was conducting against one of the jurors, and treated and drank with this juror, as in *M. & O. R. R. Co.* v. *Davis,* 130 Ill. 146, the case would have been quite different.

Mr. Justice Phillips delivered the opinion of the Court:

This is an action of assumpsit, brought by appellees against appellant, the declaration containing the common

counts only, and the following written contract was attached to the declaration, with notice, as follows:

"Chicago, 6–28, 1888.

"We, the undersigned, agree to furnish Messrs. W. F. McLaughlin & Co. five million coffee wrappers, to be of same paper exactly as sample attached, and marked (A). Printing to be same as sample attached, signed and marked (B). Colors of printing and color work to be exactly same as sample attached, signed and marked (C). For said wrappers W. F. McLaughlin & Co. to pay at the rate one dollar ninety-five cents ($1.95) per M., f. o. b. Chicago. First car to be delivered in Chicago October 1st, 1888, and one car the first of each month thereafter until contract is completed. Sample lot of 500,000 to be shipped as soon as convenient. This order is contingent on above sample lot being satisfactory to McLaughlin & Co. as regards conditions of contract for large lot.

"Hinds, Ketcham & Co."

"Accepted, W. F. McLaughlin & Co.

"Geo."

"The plaintiffs' claim, under the foregoing declaration, is for a balance of $3,113.55, with interest thereon from March 12, 1889, due under the contract of which the foregoing is a copy, for coffee wrappers delivered under such contract."

The questions presented on the trial in the Circuit Court of Cook county were whether the plaintiffs—appellees—had complied with their contract on their part, and shipped the last carload containing 1,500,000 wrappers of the paper, printing, colors and color work, in accordance with the contract. The contention on the part of the defendant, the appellant here, was that that was not done. The judgment of the Circuit Court was for plaintiffs, the appellees here, for the sum of $3,662.70. That judgment was af-

firmed by the Appellate Court for the First District, and the questions of fact are settled by those adjudications.

The first question of law presented by this appeal is that a recovery could not be had under the declaration in this case on the facts presented by this record. We do not feel called upon to discuss the sufficiency of the declaration. On a careful examination of the record, it does not appear that any objection on that ground was made to the introduction of evidence, and no motion to exclude was made, on the contrary, from the record the case was tried on the theory that the declaration was sufficient. It does not appear that that question was raised in the Appellate Court. There is neither objection and exception or motion in the record on which that question can be raised here. Neither can it be raised for the first time in this court. It is also insisted by appellant that the judgments of the Appellate and Circuit Courts should be reversed, because interest was allowed on an open account, which could not be done unless payment thereof has been unreasonably and vexatiously delayed. That question, like that as to whether the contract was performed on the part of appellees, was a question of fact, which we are, by the statute, precluded from determining.

The instructions to the jury, given by the court, made a correct application of the law, and there was not error in the refusal or modification of instructions, neither was there error in the rulings of the court in the admission or exclusion of evidence. Appellant assigned, among other causes why the motion for new trial should have been allowed, that some of the jurors were guilty of improper conduct and were improperly tampered with, and numerous affidavits were filed on the part of appellant as well as counter-affidavits on the part of appellees on this question. It appears the jury retired in charge of an officer to consider of their verdict but a short time before the hour for adjournment for the day, and were instructed to render a sealed verdict. After the court adjourned a sealed verdict

was returned and delivered to the officer or clerk, and the jury were to return the next morning. After the jury were discharged for the day, and on the same evening, as they were leaving the court-house, as a result of some remark from one of the jurors to one Ludden, an attorney who represented plaintiffs, he, Ludden, invited those present, being most of the jurors, to have a cigar, and entered a saloon near, and there found one Moore, one of the attorneys who represented the defendant. Ludden, with several of the men who were on the jury, went to an adjoining room, where they were joined by Moore, and both Ludden and Moore treated several times to cigars and intoxicants, and there engaged in telling anecdotes, etc., the chief burden of paying the bills falling on Ludden. No motion or suggestion was made the next morning in open court as a suggestion or motion in the case, but an effort seems to have been made by Moore to make a confidential communication to the judge, to which the judge replied: "I do not care to hear confidential communications." The verdict was announced, and the attention of the court first called to the matter by the motion and affidavits. No condemnation allowed by law for such impropriety could be too severely visited on Ludden, Moore, and those members of the jury who were guilty of the improper conduct. Nor would we hesitate to set the verdict aside if Ludden alone had been the offending party with the jury, but from a careful reading of the affidavits it would seem that Moore's position is not superior to Ludden's. Whilst condemning the action of both Ludden and Moore, we are, with all the facts appearing, not disposed to give either side any benefit or advantage because of the improper action of the other. The other question raised as to the improper actions of the jury when in the jury-box, should have been called to the attention of the trial court. It is not of that character for which we are disposed to disturb this verdict. The judgment is affirmed.              *Judgment affirmed.*