VIERLING, McDOWELL & Co.

*v.*

THE IROQUOIS FURNACE COMPANY.

*Opinion filed November 8, 1897—Rehearing denied December 22, 1897.*

1. CONTRACTS—*whether an offer was accepted is a question of fact.* Whether there was an acceptance of an offer, so as to constitute a contract, is a question of fact to be determined by the jury.

2. INSTRUCTIONS—*instruction submitting to jury whether contract was entered into is proper.* An instruction which submits to the jury the question whether a contract had been entered into is proper, and is not a violation of the rule that the construction of a contract is for the court.

3. EVIDENCE—*terms of contract evidenced by "sales memoranda" can not be varied by parol.* A contract to purchase a quantity of iron, evidenced by "sales memoranda" containing no guaranty nor warranty as to quality, but showing that the sales were by sample, can not be varied by parol evidence that the salesman guaranteed the iron to be of a certain quality.

*Vierling, McDowell & Co.* v. *Iroquois Co.* 68 Ill. App. 643, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

MAHER & GILBERT, for appellant.

McMURDY & JOB, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee brought an action of assumpsit against appellant, in the circuit court of Cook county, for refusing to receive and pay for certain pig iron according to the terms of three alleged contracts of sale. A trial by jury resulted in a verdict for the plaintiff for $3484.01, on which the court allowed interest from the date of the verdict and gave judgment for $3505.76. From a judgment of affirmance in the Appellate Court this appeal is prosecuted.

Plaintiff below claimed that it sold and agreed to deliver to the defendant 1500 tons of iron at an agreed price, and had offered to deliver it in conformity with its agreements, but defendant wrongfully and without lawful excuse refused to receive 687 tons thereof or to pay therefor, to the damage of plaintiff of the difference between the contract price and market price of the iron. The defendant denied that it agreed to purchase the alleged number of tons, or that the plaintiff delivered or offered to deliver to it iron of the quality contracted for. The jury found both these controverted facts in favor of the plaintiff, and by the judgment of affirmance in the Appellate Court they are conclusively settled adversely to appellant.

On the assignment of errors of law it is first contended that the circuit court erred in refusing to instruct the jury that a paper offered in evidence by the plaintiff, dated January, 1892, called "the contract for Omaha iron," was not accepted by the defendant, and that the plaintiff could not recover any damages whatever for a refusal to take iron on that contract. Whether or not the contract named in the instruction was accepted by the defendant was a question of fact, and the court could not properly take it from the jury by an instruction like the one asked. Under our statute trial courts can only instruct the jury on matters of law, leaving them to find the facts.

The contention that the instruction should have been given, on the theory that the testimony offered to prove acceptance of the contract was incompetent, is without force.    The competency of such testimony could not be raised by a general instruction of this character.

Neither do we think the court erred in admitting the evidence objected to, consisting of the following letter:

"*Iroquois Furnace Company:*                    "*December 23, 1891.*

"GENTLEMEN—Noting yours of November 23, one car soft iron duly received, with proper trial as agreed upon. In accordance with agreement we can use and will require both irons. Kindly send proper sales memorandum, as we have mislaid the original. Both irons tried we have found satisfactory.

VIERLING, McDOWELL & CO."

It is said the witness Foster was permitted, over the objection of counsel for defendant, to testify that this letter was an acceptance of the Omaha contract. We do not so understand his testimony. The letter was before the jury, and the question as to whether it was in fact an acceptance was for them, under proper instructions.

It is again insisted that the court erred in giving instruction No. 2, on behalf of the plaintiff. It seems to be thought the instruction violates the well known rule that the interpretation and construction of written contracts is for the court and not for the jury, but wherein it does so is not suggested or pointed out. As we understand its purport, it did no more than submit to the jury the question whether a contract was entered into, and in no way directed them to construe or determine the force and effect of it.

Another alleged error is the exclusion of testimony offered by defendant for the purpose of proving that an agent of plaintiff, who negotiated the sales, guaranteed the iron sold to be equal to the best Ohio Valley iron, and that he was authorized by the president of plaintiff company to make such guaranty. The sales were made by what are called "sales memoranda," sent by plaintiff

to defendant and accepted by it. The agreements of the parties must therefore be treated as contracts in writing. They contain no guaranty or warranty as to quality. They show the sales to have been by sample. Clearly their conditions and provisions could not be varied by parol. The only question as to quality which could be properly raised by the defendant was, whether or not the iron furnished or offered was up to the samples. The offered evidence was therefore incompetent, independently of the time or manner of offering it. Moreover, the jury were required, at the defendant's own request, to find specially, first, whether the agent was authorized by Eagle, the president of the plaintiff company, to make representations as to the quality of the iron; and second, did such agent represent that the quality should be equal to the best Ohio Valley iron; and they found both facts in favor of the defendant. It was, therefore, in no way injuriously affected by the exclusion of the offered testimony, even if it had been competent. Under these special findings the question would be, are they so inconsistent with the general verdict as that the latter could not be sustained?—which question is neither raised nor discussed, for the reason, doubtless, that the evidence at least tended to show that the iron delivered and offered was equal to the quality represented. At the request of the defendant the jury were also instructed to say whether the iron furnished after the sample cars equaled in grade and quality the iron in the sample cars, and answered that question in the affirmative.

Another ground of reversal urged is, that interest was improperly allowed. It is said this point might have been raised under the contention that the court gave improper instructions; but no errors in the instructions in that regard are pointed out, the sole contention being that the evidence did not justify the allowance of interest to the date of the verdict. Under our statute (Rev. Stat. sec. 2, chap. 74,) interest is recoverable at the rate

of five per cent per annum on money withheld by unreasonable and vexatious delay. Whether there was such delay in this case was a controverted question of fact, and is not open to discussion here. *McLaughlin* v. *Hinds*, 151 Ill. 403.

The general verdict of the jury and the judgment of the circuit court inevitably followed from the special findings rendered at the defendant's own request, and the judgment of affirmance in the Appellate Court was clearly right.

*Judgment affirmed.*