## Ambrose Jenkins v. Catherine Congreve.

1. APPEARANCE—*Effect of, When Entered by Attorneys.*—A general appearance in writing by an attorney in good faith for his client is in fact and in law an appearance of his client.

2. APPELLATE COURT PRACTICE—*Where the Regularity of an Appearance Can Not be Raised in the Appellate Court—Waiver.*—Where the parties to a suit pending on appeal from a justice of the peace, submit themselves to the jurisdiction of the court and go to trial without objection, the question of the regularity of the appearance of the parties must be regarded as waived and can not be raised in the Appellate Court.

Forcible Entry and Detainer.—Appeal from the Circuit Court of Cook County; the Hon. CHARLES A. BISHOP. Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed December 4, 1900.

CHAS. PICKLER, attorney for appellant.

DWIGHT B. CARMICHAEL, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This was a suit in forcible entry and detainer, commenced before a justice of the peace, and thence appealed to the Circuit Court.

Appellant objects to the judgment against him there rendered, contending that the Circuit Court had no jurisdiction because appellee's appearance was not properly entered. The latter's attorney a few days after the appeal to the Circuit Court had been perfected, and at the same term, paid the regular appearance fee and filed an appearance in writing, as follows:

"I hereby enter my appearance for the plaintiff in the above entitled cause.

(Signed)    D. B. CARMICHAEL."

When the case was tried at a subsequent term, appellee was present in person and by her said attorney. Appellant was also present in like manner. No objection was made that appellee had not duly entered her own appearance, nor was the jurisdiction of the court in any way questioned. The point must be regarded as waived, when both parties submitted themselves to the jurisdiction of the court and went to trial without objection. It can not be raised here for the first time in a court of review. (McLaughlin v. Hinds, 151 Ill. 403 (407). But the clear meaning and purport of the said appearance was, that appellee intended to and did enter her appearance by her attorney. The latter was the representative of his client, and his appearance in good faith for the plaintiff was in fact and law the appearance of the plaintiff. The latter does not question it, and appellant can not. The objection is purely technical and without force.

It is said that notice was served only on the wife of appellant, the latter himself being the tenant. The statute provides (Sec. 3, Chap. 57) that the demand in writing required to maintain an action in forcible entry and detainer may be made by leaving a copy with a person above the age of twelve residing on or being in charge of the premises. This was done. The judgment is affirmed.