**Supreme Lodge of Bohemian Slavonian Knights, etc., v. Bohumil Matejowsky et al.**

| 92    385
| 94    485
,s190s 142

1.   LIFE INSURANCE—*Burden of Proving Statements to be False.*—If the insurer knows or believes any of the statements of the insured in his application for insurance to be false, the burden is upon him to furnish the evidence upon which his knowledge or belief rests.

Assumpsit, upon a beneficiary certificate. Error to the Circuit Court of Cook County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in the Branch Appellate court at the March term, 1900. Affirmed.   Opinion filed December 18, 1900.

WICKERSHAM & HAYNER, attorneys for plaintiff in error.

JONES & LUSK, attorneys for defendants in error.

386    APPELLATE COURTS OF ILLINOIS.

VOL. 92.] Sup. Lodge of Bohemian Slavonian Knights v. Matejowsky.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This was an action brought by defendants in error to recover a certificate of membership issued by plaintiff in error to one Frantiska Matejowsky, wife of defendant in error Bohumil Matejowsky, and mother of Frank Matejowsky. By provisions of said certificate the said Frantiska is entitled " to participate in the beneficiary fund of the order to the amount of one thousand dollars, which sum shall at her death (to be proven as required by the by-laws of said order) be paid to Bohumil (husband) $500, Frank (son) $500." Suit was brought and a verdict rendered in favor of defendants in error as joint plaintiffs, and from the judgment rendered accordingly this writ of error is prosecuted. So far as we can discover no meritorious defense to the claim of defendants in error under the certificate in question, is suggested. The objections urged are purely technical.

It is urged that defendants in error did not undertake to prove at the trial that the deceased had in all respects complied, in her lifetime, with all the rules and by-laws governing the society, nor that the statements made and questions answered in the application for membership were true. Plaintiff in error does not claim that the said member had failed to so comply in any respect, or that her said statements and answers were not true; but insists this proof was nevertheless material and necessary to make out the plaintiff's case. It was not so necessary. If plaintiff in error knew of any material failure in those respects, it was at liberty to set up and prove it as a matter of defense. Continental Life Ins. Co. v. Rogers, 119 Ill. 474; Phenix Ins. Co. v. Stocks, 149 Ill. 319 (325-6). In the first of the above cases, the language of the U. S. Supreme Court is quoted and concurred in, where it is said :

. " It is no· hardship, that if the insurer knows or believes any of the statements to be false, he shall furnish the evidence on which that knowledge or belief rests. He can thus single out the answer whose truth he proposes to contest; and if he has any reasonable grounds to make such an issue, he can show the facts on which it is founded."

The same principle applies to the requirement of the certificate "that the said sister shall in every particular, while a member of said order, comply with all the rules thereof, which are hereby made a part of this certificate." This compliance is not one of the conditions precedent of the contract, which the plaintiff was bound to aver and prove upon the trial. (See Continental Life Ins. Co. v. Rogers, *supra*, on p. 486.) The law does not require that the burden shall be assumed by the plaintiff in such cases of proving affirmatively every detail of compliance through a course of years of membership in such a so-called mutual benefit association, where, as here, such compliance is not questioned. It is not necessary in such case to prove the averment to that effect in the declaration. If plaintiff in error had knowledge of any failure, it should so prove. Otherwise the averment is taken as true. Greenleaf on Evidence, Vol. 1, Sec. 79.

It is said defendants in error failed to prove notice to plaintiff in error of the death of the member. It is not denied that notice was given and received, but only that the fact is sufficiently proven. We regard the evidence as making *prima facie* proof both of notice and that the person upon whom it was served was secretary of the lodge.

It is further objected that the cause of action in this case is several and not joint, and therefore a joint judgment can not be sustained. Whether this objection is well taken or not we can not consider, it appearing that error is not assigned as to the action of the Circuit Court in overruling the motion for a new trial nor in the entry of judgment. It has been repeatedly held that no errors will be considered but such as are assigned upon the record. Ditch v. Sennott, 116 Ill. 288; Jesse French Piano & Organ Co. v. Meehan, 77 Ill. App. 577. The judgment is affirmed.