## John Zimmerman et al. v. Frank Kinsey.

1. WAIVER—*Of Affidavit in Mandamus Proceedings.*—The objection that an affidavit in a mandamus proceeding is insufficient, is waived if not raised in the trial court.

2. SAME—*Failure to Assign Insufficiency for Error.*—The defective verification of an affidavit in a mandamus proceeding is waived by a failure to assign the same for error in the Appellate Court.

Zimmerman v. Kinsey.

**Mandamus.**—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed April 16, 1901.

DALE & FRANCIS, attorneys for appellants.

SMOOT & EYER, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a petition for mandamus to compel appellants, as president and secretary of the National Key Opening Can Company, an Illinois corporation, to permit appellee, as a stockholder of said corporation, to examine its books and accounts. The petition was granted and the issue of the writ of mandamus was ordered.

The sole error relied upon is that the Circuit Court improperly overruled appellants' demurrer to the petition, because, as it is said, the petition was insufficiently verified. Conceding that the general rule requires an affidavit and that the affidavit here is insufficient (see Gunning v. Sheahan, 73 Ill. App. 118), the objection has nevertheless been waived, by the failure of appellants to raise it in the Circuit Court, where the defect might have been cured, as well as by the failure to assign the defective verification as error here. The abstract shows only that there was a "general demurrer of both defendants," and the assignment of error is, "the court erred in overruling the demurrer of appellants to the petition of appellee below." There is nothing to indicate that the attention of the trial court was in any way called to the verification of the petition by objection or otherwise. Where both parties submit to the jurisdiction of the court upon an issue of law or fact upon the pleading, without objection, defects in form will be regarded as waived, and no errors will be considered but such as are assigned upon the record. Jenkins v. Congrove, 92 Ill. App. 271; Sup. Lodge, etc., v. Matejowsky, 92 Ill. App. 385 (387). Upon objections to sufficiency of verification, see also Shobe v. Luff, 66 Ill. App. 414 (826); Craig v. McKinney, 72 Ill. 313.

The objection to the petition for want of verification

was, however, not raised by the demurrer to the petition. In Pudney v. Burkhart, 62 Ind. 179 (181), which was an application for a writ of mandate, it was held that if a pleading which the statute of the State requires to be verified by affidavit is not so verified, and the opposite party takes issue of law or fact upon it without objecting for that reason, the objection will be considered waived (see cases there cited); and it is further said that " the proper practice is in such cases to move to reject the pleading for want of verification. A demurrer admits the truth of the pleading and thus supplies the want of verification complained of." The affidavit to an application for mandamus is required in order to disclose a sufficient case on affidavit (People v. City, 25 Ill. 187); but where, by demurrer, the truth of the petition is admitted, the reason for the affidavit no longer exists, and objection to its insufficiency is thereby waived. A general demurrer to a petition for mandamus admits that all the material allegations in the petition which are well pleaded are true. People v. Commissioners of Cook Co., 176 Ill. 576 (581).

The judgment of the Circuit Court will be affirmed.