## Federal Life Association v. James N. Smith.

1. PRACTICE—*Amendment of Declaration After Verdict.*—The court has the power to allow an amendment after the return of the verdict and the argument for a new trial.

2. INSTRUCTIONS—*Preponderance of Evidence and Burden of Proof.* —An instruction in an insurance case which tells the jury that while the burden is on the plaintiff to prove the case alleged in the declaration by a preponderance of the evidence, yet when that has been done the burden of proof shifts to the defendant to show that the warranties contained in the policies, or some one of them, are not true, is proper, in this case.

3. INSURANCE—*What Constitute Warranties.*—Only such statements as are strictly in answer to inquiries contained in the application can be regarded as warranties.

**Assumpsit,** on an insurance policy.    Appeal from the Circuit Court of Champaign County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Heard in this court at the May term, 1899.    Affirmed.    Opinion filed December 13, 1899.

**Statement.**—On the 9th of November, 1896, the Federal Life Association of Davenport, Iowa, issued to Catherine Smith, of Urbana, Illinois, three policies of insurance upon her life for $1,000 each, for the benefit of her husband, James N. Smith.    On the 4th of October, 1898, she died, and soon thereafter her husband furnished to the association the required proofs of death.    After receiving the proofs of death and comparing them with the written application made by Mrs. Smith at the time she applied for insurance, the association refused to pay the policies, upon the ground

that she made false and fraudulent representations relative to her health, and physicians attending her. Thereupon Smith commenced suit upon the policies in the Circuit Court of Champaign County, where a trial was had, resulting in a verdict against the association for $3,000.

At the conclusion of the evidence for the plaintiff the defendant moved the court to instruct the jury to return a verdict for the defendant, which motion was overruled. The motion was renewed after defendant concluded its evidence, and was met by the same ruling from the court.

After the verdict was returned, a motion for new trial was made and argued; whereupon the plaintiff, under leave of court and against the objection of the defendant, amended his declaration so as to except from the averment contained herein that the answers of himself and physician contained in the proofs of death were all true, his answer to question 10 and the physician's answers to questions 4 and 5. The answers were to the effect that the physician and his father had attended the deceased in sickness a few years prior to the issuing of the policies. The amendment averred that the answers were untrue and that they were mistaken when they gave them. After the amendment was filed, the court overruled the motion for a new trial and rendered judgment against appellant for $3,000.

GERE & PHILBRICK, attorneys for appellant; GEO. E. HUBBELL, of counsel.

JOHN J. REA, attorney for appellee.

Only such answers by the applicant for insurance as are strictly responsive to the question are warranties. Com. Accident Co. v. Bates, 176 Ill. 194; Howard F. & M. Ins. Co. v. McCormick et al., 24 Ill. 455.

The burden is upon the defendant to show that the assured obtained the policies by fraud and deceit. Brooks v. Bruyn, 35 Ill. 392; Hodgen v. Henrichsen, 85 Ill. 259; Lake Shore & M. S. R. R. Co. v. The Pittsburgh, Ft. W. &

C. R. R. Co., 71 Ill. 38; Wright v. Grover et al., 27 Ill. 426; Blow et al. v. Gage et al., 44 Ill. 208; Cameron v. Savage, 37 Ill. 172; Hatch v. Jordan, 74 Ill. 414; Jewett & Root v. Cook, 81 Ill. 260.

In this State it is not necessary for the plaintiff in an action on a policy to either allege or prove such matters as appear in the application only. To be availed of as a defense, without regard whether they are warranties or representations merely, their falsity or breach by the assured must be set up and proved by the defendant as a matter of defense. Continental Life Ins. Co. v. Rogers, 119 Ill. 474; Herron v. Peoria M. & F. Ins. Co., 28 Ill. 235; Guardian M. L. Ins. Co. v. Hogan, 80 Ill. 35; Piedmont, etc., Ins. Co. v. Ewing, Adm'r, 92 U. S. 377; Phenix Ins. Co. v. Stocks, 149 Ill. 319; Mutual R. F. L. Ass'n v. Powell et al., 79 Ill. App. 482.

Mr. Justice Harker delivered the opinion of the court.

In seeking a reversal of the judgment in this case, appellant complains of the admission of improper evidence on behalf of appellee; the refusal of the court to instruct the jury to return a verdict for the appellant; the action of the court in allowing appellee to amend his declaration after the motion for a new trial was argued; that the court improperly instructed the jury for appellee; and that the verdict was against the law and the evidence. But little is said in the printed argument of appellant about the alleged error of admitting improper evidence, and we can discover none from the record.

In the application for insurance Mrs. Smith represented that for ten years prior thereto her general health had been uniformly good; that she had no physician at that time and had " never called in one." Upon the ground that these representations were false, the suit was defended. When the motion to instruct the jury to return a verdict was overruled, proofs of death were in evidence showing that she had been sick within ten years prior to making the application, and had been attended by two physicians. There

was an averment in the declaration that the answers to questions in the proofs of death were true. If the court erred in overruling the motion in that condition of the pleadings and proofs, that error was subsequently corrected by the amendment to the declaration averring that the answers to the questions touching the previous health of the deceased and attendance of physicians, appearing in the proofs of death, were untrue and that the persons making them were mistaken. The court had the power to allow the amendment after the return of the verdict and the argument of a motion for a new trial. Sec. 1, Chap. 7, and Sec. 23, Chap. 110, Rev. Stat. Illinois.

We are unable to see anything wrong with the first instruction given for appellee, the only one complained of. It tells the jury that while the burden is on the plaintiff to prove the case alleged in the declaration by a preponderance of the evidence, yet when that has been done the burden of proof shifts to the defendant to show that the warranties contained in the policies, or some one of them, are not true. In view of the defense interposed and the state of the proofs, the instruction was entirely proper. Continental Life Ins. Co. v. Rogers, 119 Ill. 474; Phenix Ins. Co. v. Stocks, 149 Ill. 319.

The chief contention of appellant is that the verdict is against the evidence; that the defense that the policies were rendered void by the false answers of Mrs. Smith to questions in the application for insurance should have prevailed. To the question, "Has your general health been uniformly good for the past ten years?" she answered, "Yes." To the question, "How long is it since you were attended by a physician?" she answered, "Have never called in one." To the question, "Give name and residence of that physician?" she answered, "Have none." To the question, "Have any material facts regarding your past health or present condition been omitted? state facts fully," she answered, "Nothing."

These are the answers which, it is claimed, were false. That the general health of Mrs. Smith, prior to making the

application, had been uniformly good, appears from the testimony of her son and husband. True, they were contradicted, in a measure, by other witnesses, but it was the peculiar province of the jury, in the conflict, to say where the truth was. During the entire period of the ten years in question, not once had she been confined to her bed or house by sickness, and had attended to her household duties without the assistance of a hired girl. She had occasionally complained of headache and indigestion, but they are complaints which sometimes visit people of excellent general health. Headache is frequently caused by overwork and worry; indigestion, by eating improper food or eating in an improper manner. No doubt there are many persons who have several times during the past ten years suffered from attacks of headache and indigestion, brought on by the indiscretions mentioned, who could truthfully say that their general health for that period had been uniformly good.

Mrs. Smith was not guilty of fraud sufficient to vitiate the policies by answering, " Have never called in one," to the question, " How long since you were attended by a physician?" In the first place, the answer is not strictly responsive. Only such statements as are strictly in answer to inquiries contained in the application can be regarded as warranties. Commercial Accident Co. v. Bates, 176 Ill. 194.

Appellant contends that if Mrs. Smith had consulted a physician or received treatment from one within ten years prior to the time of her application, it was her duty in answer to the question to disclose it. She was not asked whether she had consulted a physician or received treatment from one. Doubtless, she understood the question as inquiring how long since a physician had waited on her in sickness at her home, and we think such understanding accords with the popular meaning of the expression. If appellant understood the question as meaning office treatment, and consultation as well, it should not have been satisfied with the answer, " Have never called in one," but should

have insisted upon a strictly responsive one. What has been said relative to this answer applies to the answer, "Have none," to the question as to who her physician had been.

The ailments of Mrs. Smith up to the time of making her application had been so trivial that we can not think that she was guilty of any fraud in answering "Nothing" to the final question, "Have any material facts regarding your past health or present condition been omitted?" Twice had Dr. H. W. Miller prescribed for her, when she called at his office in company with a niece, then under treatment with Miller. Four or five times she had called at the office of Dr. J. T. Miller and obtained prescriptions. The prescriptions were made several years before the date of her application. On one or two occasions, several years before, she had consulted a Dr. Alpine concerning a deafness in one ear. Further than on those occasions, it does not appear that she had, within the period of ten years, consulted a physician or received treatment. At the time of her application, she had the appearance of a healthy woman, and that fact is testified to by appellant's examining physician.

A careful consideration of the entire evidence in the record satisfies us that the judgment is right and should be affirmed.

Presiding Justice WRIGHT, having presided at the trial of this case in the court below, took no part in the decision in this court.