## Schmoldt Bros. v. M. E. Langston.

1. PRINCIPAL AND AGENT—*Principal is Bound by the Acts of His Agent, in the Exercise of Powers Within the Apparent Scope of His Authority.*—The principal is bound by the acts of his agent in the exercise of powers within the apparent scope of his authority, unless limitations upon such power are brought to the notice of the person with whom the agent deals, and whether the agent was apparently clothed with such authority is a question of fact to be determined by the jury upon a consideration of all the facts and circumstances proved.

Assumpsit, for goods sold and delivered. Appeal from the Circuit Court of Cass County; the Hon. JOHN C. BROADY, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

A. A. LEEPER and R. R. HEWITT, attorneys for appellants.

MILLS & CLIFFORD, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellee sued appellants before a justice of the peace for the price of hay alleged to have been sold and delivered at their request. The case was taken by appeal to the Circuit Court, where it was tried by a jury and a verdict for $36 returned against appellants upon which, after overruling appellant's motion for a new trial, the court gave judgment against them, and to reverse it this appeal is prosecuted.

The reasons chiefly urged against the verdict are that it is against the law and the evidence of the case, and the court gave wrong instructions and improperly modified instructions asked by appellants.

Appellants owned saw mills, and were engaged in manufacturing cooperage; to carry on the business it is their habit to buy standing timber and hire the men to cut it under the supervision of a foreman or let the work by contract. Wilds was one of the foremen, who, as testified by one of appellants, have authority to buy timber, to hire help and teams, with authority to buy feed for them. This authority, it appears from the evidence, had been frequently exercised by Wilds along the river, where the timber was obtained, and in the neighborhood where appellee lived. Wilds employed Emmons to bank timber on Grand Island. It was testified by appellee and two other witnesses that Wilds and Emmons together went to appellee to buy hay, and that Wilds said to appellee that appellants' men would go to him for hay, and requested that he let them have it. Emmons, who was with Wilds on this occasion, sent men for

the hay, of which they got 4,300 pounds at $17 per ton. Wilds and Emmons testified in effect that Emmons alone purchased the hay, and thus the vital question of fact in the case, as to who did purchase the hay, was to be settled upon conflicting evidence. In addition to this it was shown that Wilds generally purchased supplies for appellants in the neighborhood, but to break the force of this, it was also shown that such purchases were made for the men of the gang of which he was foreman. We are of the opinion that the jury was warranted in finding that Wilds purchased the hay of appellee, and at the time of such purchase and delivery appellants had no knowledge or notice that Emmons, for whose use the hay was bought, was a contractor merely, for whose necessities appellants were not responsible. It is the familiar law that when a person clothes another with authority to bind him under certain conditions, and the agent appears to act within the conditions by which his authority is limited, that those who deal with him upon the faith of such authority, without notice that the agent has overstepped his limitations, are to be protected. The principle that upholds this statement is, that the principal is bound by the acts of his agent in the exercise of powers within the apparent scope of his authority, unless limitations upon such power is brought to the notice of the person with whom the agent deals; and whether the agent was apparently clothed with such authority is a question of fact to be determined by the jury upon a consideration of all the facts and circumstances proved. Insurance Co. v. Stocks, 149 Ill. 319. We are unwilling to say, therefore, that the verdict is not supported by both the law and the evidence.

Complaints are made of the instructions in the case, both given and refused, as well as those modified by the court. We have examined the instructions in the light of the evidence in the case, and find no material or prejudicial error in them.

Those given by the court at the request of the plaintiff, are, we think, based upon the evidence in the case, and

are in substantial harmony with the law of the case. The modification by the court of the instructions requested by appellants, by the addition of the words "apparent authority," so as to require the jury to find that the agent had the actual or apparent authority to make the purchase of the hay, we think are necessary to put the instructions in harmony with the law as we have stated. The instructions as given by the court, we think, covered all the material points of appellants' defense as completely and accurately as their rights demanded; and in this respect we are of the opinion there is no just ground of complaint.

There is, in our opinion, no reversible error in this record, and the judgment will be affirmed.